O'BRIEN v. NEW YORK, N. H. &. H. R. Co.

*(Supreme Court, General Term, First Department.   February 11, 1891.)*

EXPERT TESTIMONY—PHYSICIANS.

> While a physician may give evidence as to the present condition of bodily suffering or injuries, or of their permanence and as to their cause, he cannot testify as to the mere possible outbreak of some new disease or suffering having its cause in the original injury.  Following *Atkins* v. *Railway Co.*, 10 N. Y. Supp. 432, and distinguishing *Griswold* v. *Railroad Co.*, 115 N. Y. 61, 21 N. E. Rep. 726.

Appeal from circuit court, New York county.

Action by John O'Brien against the New York, New Haven & Hartford Railroad Company to recover damages for an alleged assault upon plaintiff by one of defendant's employes.  Defendant appeals from a judgment for plaintiff entered upon the verdict of a jury and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Page & Taft*, (*Henry W. Taft*, of counsel,) for appellant.   *W. Bourke Cockran*, for respondent.

BRADY, J.  In the case of *Atkins* v. *Railway Co.*, reported in 10 N. Y. Supp. 432, and which was an action brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant, it appeared that the following question was asked of one of the medical witnesses by the plaintiff's counsel, namely:  "Tell the jury what results are likely to flow from the injuries from which Mrs. Atkins was suffering on the 3d of January, 1888."  The question was objected to and overruled, and exception taken, and the learned presiding justice, in writing the opinion, said:  "This form of question has been so often condemned that it seems somewhat remarkable that it should still be persisted in;" referring to a number of cases bearing upon the subject.  In this case the same question, in effect, was objected to, but allowed, and an exception duly taken.  The question put was:  "From your knowledge of the case, from your examination of the wounds when they were comparatively fresh, and your knowledge of the case generally, are you able to state to this jury what, in your opinion, will be the probable effects of these wounds upon the future health of the plaintiff?"  There is no difference of substance in these questions.  The only difference is verbal; the use of the word "probable" was made instead of "likely," and they are the same.  The word "likely" means "probable," and "probable" "likely."  See Century Dictionary.  If the question had been such as that considered in *Griswold* v. *Railroad Co.*, reported in 115 N. Y. p. 61, 21 N. E. Rep. 726, it would have been admissible, but it was not.  The distinction suggested by that case and others, to which the learned justice in writing his opinion referred, seems to be that while a physician may give evidence as to the present condition of bodily suffering or injuries, or of their permanence and as to their cause, he cannot upon such a question testify as to the mere possible outbreak of some new disease or suffering having their cause in the original injury.  The court said in that case that there was an obvious difference between an opinion as to the permanence of a disease or injury already existing, capable of being examined and studied, and one as to the merely possible outbreak of new diseases or suffering, having their cause in the original injury.  In the former case that disease or injury and its symptoms are present and existing, their indications are more or less plain and obvious, and from their severity or slightness a recovery may reasonably be expected or the contrary; while an opinion that some new and different complication will arise is merely a double speculation,—one, that it may possibly occur; and the other that, if it does, it will be a product of the original injury instead of some other new, and perhaps unknown, cause."  This is somewhat complicated, it must be

admitted, but it seems to suggest that in cases of this character the result sought to be ascertained and established by the question objected to must be developed by a different mode of procedure, and one by which speculative and conjectural elements are either dispelled, or so limited or controlled as to insure the defendant against merely speculative or conjectural theories. Whether this view be correct or not as to the *modus operandi* suggested, no difference is discovered between the question asked in *Atkins' Case* and declared to be improper and the question asked in this case and objected to. The judgment of the court in the *Atkins Case* seems to make it imperative upon us to reverse the judgment herein, and to grant a new trial, with costs to the appellant to abide the avent.

DANIELS, J., concurs. VAN BRUNT, P. J., concurs in result.