WILLIAM H. MALE, APPELLEE, V. EDWARD W. DAHLGRIN ET
AL., APPELLANTS.

FILED DECEMBER 3, 1902.   No. 11,129.

Order of District Court: EVIDENCE: WITNESS. An order of the dis-
trict court based upon written evidence, and also the evidence
of a witness given upon oral examination in the presence of
the court, will not be reversed if the evidence of such witness,
if believed, will support the order, unless such evidence is
clearly inconsistent with the established facts in the case. The
trial court must determine the credibility of the witness testi-
fying before it.

APPEAL from the district court for Custer county.
Confirmation of judicial sale of real estate under decree of
foreclosure. Objection that one of the appraisers was not
a freeholder. Question tried to the court. Heard below
before SULLIVAN, J. Finding and decree for plaintiff. De-
fendants appeal. *Affirmed.*

*J. R. Dean,* for appellants.

*James Ledwich* and *John S. Kirkpatrick, contra.*

SEDGWICK, J.

This is an appeal from an order of the district court for
Custer county confirming a sale of real estate upon the
foreclosure of a mortgage. Before the sale an objection
was filed that one of the appraisers was not a freeholder,
and a motion was made in the court below to set aside the
sale upon that ground. The appraiser was residing upon
land which he had entered as a homestead under the act
of congress. The sheriff's return stated that the appraiser
was a freeholder, but affidavits were filed tending to show
that the appraiser had stated at about the time of the sale
that he had not entered the land, nor resided thereon for
five years, at the time of the appraisement. One witness
was examined orally. He testified that he had known the
appraiser for twelve or thirteen years, and was at his place

in April or May of 1894, and the appraiser and his family were then residing upon the homestead in question. This was a few months less than five years before the time of the appraisement, and it is insisted that there is no positive proof that the residence upon the homestead had been the full term of five years. But the witness referred to testified, among other things, that the appraiser bought the homestead right in 1890, and "I think he lived there, I am satisfied in my own mind he lived there prior to that time [May, 1894], but I wasn't there." The trial court heard this evidence, and is better able to judge of the many considerations that affect the credibility of the witness and the meaning and force of his testimony. There are no facts clearly established by the written evidence that are inconsistent with the construction evidently given by the trial court to the evidence of this witness. The appraiser's affidavit was filed, in which he stated that he entered the land in 1893 and had lived there continuously from that time.

We think that the order appealed from is sufficiently supported by the evidence, and it is therefore

AFFIRMED.