## WILLARD OIL, CO. v. RILEY *et al.*

No. 1834.    Opinion Filed March 21, 1911.

Rehearing Denied June 8, 1911.

(115 Pac. 1103.)

**APPEAL AND ERROR**—Appointment of Receiver—Review.    Where from a consideration of the claims made by the parties on an application for appointment of a receiver, **pendente lite,** the same is made, and on appeal plaintiffs' interest in the property or fund appearing probable, and no abuse of discretion shown, and there being evidence and circumstances reasonably tending to sustain the order, the same will not be disturbed.

(Syllabus by the Court.)

*Error from District Court, Rogers County; T. L. Brown, Judge.*

Action by Joseph Riley and the United Oil Company against the Willard Oil Company. From an order appointing a receiver for the defendant, it brings error. Affirmed.

*W. H. Kornegay,* for plaintiff in error.

*George S. Ramsey, Seymour Riddle, Charles B. Rogers, Wm. P. Thompson,* and *C. L. Thomas,* for defendants in error.

DUNN, J. This case presents an appeal from an order of the district court of Rogers county appointing a receiver, on the prayer of appellees and defendants in error, of the appellant and plaintiff in error, the Willard Oil Company. The statute under which the receiver was appointed is section 5772, Comp. Laws of Oklahoma of 1909, and the portion pertinent to our investigation reads as follows:

"A receiver may be appointed by the Supreme Court, the district court, or any judge of either, or in the absence of said judges from the county, by the probate judge: First, in an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the

property or fund is in danger of being lost, removed or mate-rially injured."

Under the order made the receiver was required to permit the Willard Oil Company to continue its operations on the lands involved as it had been, using the same storage tanks that it had been using, the receiver receiving and accounting for the money and funds received, to the end that they would be conserved and not wasted and held available for the party shown to be entitled thereto at the conclusion of the litigation; also to audit, allow, and pay all necessary expenses in operating the property. It is contended on the part of defendant that the court erred in the appointment of a receiver, as the interest in the property or fund or proceeds thereof of the plaintiffs was not probable, and that it had not been shown that the property or fund was in danger of being lost, removed, or materially injured. The evidence offered at the time of the hearing of the application was on the part of both parties made up of affidavits and oral testimony. There was a direct conflict in the same; but after a perusal thereof and a careful consideration of the statements of the parties pro and con, and, in addition thereto, giving to the conclusion of the trial court that weight to which under the circumstances we regard it entitled, we are not prepared to say there was lacking evidence reasonably tending to sustain it, or that there was an abuse of its discretion in the appointment made. Had this been an ordinary action involving matters of common note in which men generally are versed, and had the evidence submitted been altogether in the nature of affidavits, the conclusion of the trial court upon the con-flicting evidence would be entitled to less weight than under the circumstances we are inclined to give it. Joseph Riley, one of the plaintiffs, claims to have an interest in the lands out of which the controversy grows, which he claims is in danger of being lost or materially injured. The Willard Oil Company had possession of these lands and is engaged in drilling wells thereon and pump-ing oil therefrom. This oil is then stored, or sold to the pipe line company or companies operating in that field. It is made to appear that the lands surrounding the land involved likewise have

oil wells upon them, and that by the operation thereof they will drain the oil from beneath the surface of plaintiff's land; that in order to protect this land, it is necessary that wells be drilled and operated thereon to the end that plaintiff may have, if his interest is finally shown, the benefit of the oil so taken, rather than have it pumped from wells on adjoining lands. Under all these circumstances, the language used by Mr. Moore, in his work entitled "Moore on Facts" (section 1276), is peculiarly applicable. Considering the weight to be given ,by an appellate court to the findings by a trial court, on conflicting evidence, he says, in part:

"The trial judge commonly knows more or less of the general character and standing of the witnesses, and may have a general local knowledge as to matters referred to in evidence and surrounding circumstances, which enables him to weigh conflicting evidence with much greater assurance of reaching a correct solution than is possible in the reviewing court."

The foregoing, made by the author particularly applicable in cases where the evidence was entirely oral, is in our judgment peculiarly apposite to the rather unusual situation presented by the facts in this case. Speaking to the same point, the Supreme Court of Nebraska, in the case of *Faulkner et al. v. Simms et al.,* 68 Neb. 299, 94 N. W. 113 (on rehearing), in the syllabus says:

"Where a finding is based largely upon depositions or written testimony, as to which the trial judge has no special advantage over the reviewing court, the rule that his findings will be adhered to unless ,clearly wrong does not apply with the same force. But in such case, if the oral testimony is evidently the basis of the finding, or the written testimony relates to matters as to which the trial judge is better able to reach a satisfactory conclusion than the reviewing court, the rule may be applied. *Male v. Dahlgren,* 66 Neb. 524 [92 N. W. 632] ; *Waldron v. First Nat. Bank of Greenwood,* 60 Neb. 245 [82 N. W. 856]."

Moreover, considering the functions of the trial and appellate courts upon the specific question here presented, the rule adhered to by all the courts, enunciated by Mr. High in his recent work on Receivers (4th Ed. 1910) in section 7, is as follows:

"The appointment of a receiver *pendente lite,* like the granting of an interlocutory injunction, is to a considerable extent a

matter resting in the discretion of the court to which the application is made, to be governed by a consideration of the entire circumstances of the case. And, since the appointment of a receiver is thus a discretionary measure, the action of the lower court in appointing or denying a receiver *pendente lite* will not be disturbed upon appeal unless there has been a clear abuse."

And, noting the fact that in many of the statutes an appeal from an interlocutory order appointing a receiver will not lie, in section 25, he says:

"It may be safely said that, since the appointing or refusing a receiver is largely a matter of sound judicial discretion, even in those states where an appeal is allowed from such interlocutory order, if the testimony addressed to the court below is conflicting, and if that court, after duly weighing and considering the testimony, either appoints or refuses to appoint a receiver, an appellate court will not interfere with the exercise of this discretion, in the absence of any facts showing that it has been abused. And when the testimony is conflicting and the court below has, after hearing, refused to revoke its appointment of a receiver, an appellate court will refuse to control the discretion of the inferior tribunal."

On this branch of the case, therefore, and after giving full consideration to the particular circumstances involved and to, the evidence offered, the limited authority vested in the receiver, and the discretion vested in the trial court, and no abuse thereof having been made to appear, the conclusion reached will not be disturbed.

It is to be noted, however, that it must likewise be made to appear that the interest of the party seeking a receiver in the property or fund or the proceeds thereof is probable. The word "probable" does not mean free from doubt, but carries with it the idea that the contingency is more likely to happen than otherwise, but that there is doubt. *Bain v. State,* 74 Ala. 38. The word is said to be synonymous with the word "likely." *O'Brien v. New York, N. H. & H. R. Co.,* 59 Hun, 623, 13 N. Y. Supp. 305. The definition given by Webster (Webster's New Int. Dict.) is: "Having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." The relief involved in the appointment

of a receiver is provisional, is not decisive of the ultimate right of either party, nor conclusive of the merits of the action. High on Receivers, § 6. And hence it is not essential that the legal right of plaintiff to recover should be beyond controversy in order to vest the court with authority in the exercise of its discretion to appoint a receiver.

Many legal questions have been presented by counsel on this appeal, both in oral argument and in their briefs, and the same have had our consideration. The determination of some of them, at least, will be involved on the final consideration of this action, should it reach so far; but, for the purpose of this appeal, we do not deem it necessary to discuss the same at length in this opinion.

Suffice to say that in our judgment the interest of plaintiffs is by the pleading, evidence, and the law applicable thereto, made sufficiently manifest to justify the trial court in its finding a probability thereof, and the same is, accordingly, approved.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., not participating.