**SKELLY OIL CO. v. GLOBE OIL CO. et al.**

No. 11648—Opinion Filed June 7, 1921.

(Syllabus.)

**1. Mortgages—Foreclosure — Right to Receiver.**

When mortgagee asks for foreclosure of his mortgage and asks for the appointment of a receiver upon grounds set out in section 4979 of the Revised Laws of Oklahoma, 1910, and such grounds being established by the proofs, the mortgagee is entitled to have a receiver appointed, as a matter of legal right, and under such circumstances the denial to the mortgagee of a receivership would be a substantial violation of a statutory right possessed by the mortgagee.

**2. Appeal and Error—Discretion of Court —Appointment of Receivers.**

The appointment of receivers by the inferior courts, when brought to the Supreme Court for review, will not be reversed unless it clearly appears that the lower court abused the discretion, placed with such inferior courts, under the provisions of section 4979. Rev. Laws 1910, chapter on Receivers. (Willard Oil Company v. Riley et al., 29 Okla. 19, 115 Pac. 1103.)

**3. Appeal and Error—Review of Evidence —Requisites of Brief.**

Causes appealed to the Supreme Court of this state, wherein it is asked that the action of the trial court be reversed for insufficiency of the evidence, and to review alleged error by the trial court for wrongful findings from the evidence, it is necessary for the appellant to comply with the requirements of rule No. 26 (47 Okla. x) of the appellate court in preparation of brief, otherwise the assignment, not so supported, may, in the discretion of the court, be ignored.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by the Skelly Oil Company against the Globe Oil Company and others. From order appointing a receiver for property involved, plaintiff brings error. Affirmed.

C. C. Herndon, W. P. Z. German, and Linn & Riddle, for plaintiff in error.

Hulette F. Aby and William F. Tucker, for defendants in error.

ELTING, J. This action was brought in the district court in and for Tulsa county, state of Oklahoma, by the Skelly Oil Company, a corporation, plaintiff, against the Globe Oil Company, a corporation, Nelson L. Barnes, T. R. Karnes, Calvin O. Smith, R. R. Smith, G. G. Gillette, John O. Mitchell, Ft. Dearborn Trust & Savings Bank, a corporation, and Frank M. Forrey, defendants. The action is in the nature of an action for specific performance against the Globe Oil Company and other parties, who are officers of the Globe Oil Company, and the Ft. Dearborn Trust & Savings Bank, and Frank M. Forrey, as trustees, under a trust deed.

The petition of the Skelly Oil Company states, in substance, that on the 17th day of February, 1920, the plaintiff and the defendant, the Globe Oil Company, entered into a contract whereby the Globe Oil Company sold to the plaintiff, the Skelly Oil Company, all of the oil and gas leases described in schedule "B", attached to the petition, and located in the state of Oklahoma. That the plaintiff was to pay the defendant, the Globe Oil Company, $900,000 for said property, and that at the time said contract was entered into the Skelly Oil Company, plaintiff, paid to the Globe Oil Company, defendant, $250,-000; $200,000 of which money was forwarded by the Globe Oil Company to the Ft. Dearborn Trust & Savings Bank, and was applied on the indebtedness due on the deed of trust held against the Globe Oil Company by the said Trust & Savings Bank, as trustee; and that the balance of said purchase money was to be paid to the Globe Oil Company upon the approval of the title by the attorneys of the plaintiff, the Skelly Oil Company.

The plaintiff below alleged certain other grounds amounting, as it charges, to fraud on the part of the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey in which it asks for what might be called a marshalling of assets of the Globe Oil Company, based upon certain averments of the petition. Plaintiff further states that the said Ft. Dearborn Trust & Savings Bank and Frank M. Forrey had notice and information in their possession sufficient to put them upon inquiry as to the rights of the plaintiff, the Skelly Oil Company, and that the same was acquired by the said bank and said trustee, Frank M. Forrey, shortly subsequent to the contract of purchase, and that the application of said money to the debt of the

Globe Oil Company amounted to a ratification of contract.

The prayer of the petition of the plaintiff below was in words and figures as follows:

"Wherefore, plaintiff prays that the defendants, and each of them, be cited to appear and answer herein and upon final hearing, plaintiff have a decree of this court for specific performance as against the defendant, Globe Oil Company, and that the defendant trustees, as herein referred to, be required to apply to said valid indebtedness held by them all of the proceeds placed under their trust deed and the equity in all other properties held under said trust deed, and apply the proceeds thereof to the satisfaction of any valid indebtedness which may be due or existing under said deed of trust. Plaintiff further prays that the $600,-000.00 of indebtedness evidenced by notes, if in existence, may be cancelled and held for naught, or in any event, held to be inferior and subordinate to the rights of plaintiff herein; that the defendant, First National Bank of Tulsa, be required, by decree of this court, to deliver all of said executed assignments to the plaintiff, and that the Globe Oil Company be required to execute and deliver assignments of said other leases to plaintiff, and that plaintiff's title be quieted. Plaintiff further prays that if for any reason the court should find it impossible to require a specific performance that then plaintiff have a judgment for its damages in the sum of five hundred thousand dollars ($500,000.00) and the interest thereon; and plaintiff further prays for such other relief, general and special to which it may be, in law or equity, entitled, and for all costs of suit."

It is alleged that the contract of sale between the plaintiff below and the defendant below, the Globe Oil Company, was in writing, and a copy is attached to the petition.

To the petition of the plaintiff below, the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey filed a separate answer and cross-petition. In which pleading the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey denied the allegations as to notice of contract prior to the application of the $200,000 on the indebtedness of the Globe Oil Company, set up their deed of trust against the Globe Oil Company, set out the amount of indebtedness due from the Globe Oil Company, which they alleged to amount to $1,445,000—$100,000 for attorney fees and other charges; and, alleged that the property of the Globe Oil Company embraced in the deed of trust, which embraced the property claimed by the Skelly Oil Company, plaintiff below, was not sufficient to pay the debt due under the deed of trust; alleging further, that the Skelly Oil Company was a purchaser with

notice of said deed of trust; and not being in any way liable for said debt due by the Globe Oil Company under the deed of trust, and that the Skelly Oil Company was a purchaser under its contract of certain properties embraced in the deed of trust; that the Skelly Oil Company having bought with notice, its rights to said property were inferior to the rights of the holder of the trust deed. They set up, further, the fact that the Skelly Oil Company, plaintiff below, had gone into possession of the property it had purchased under said contract from the Globe Oil Company, and that the Skelly Oil Company was converting to its use the profits and proceeds of said property and had failed and refused to account to the holders of the trust deed, after demand by the answering defendants and cross-petitioners, for the profits and proceeds of said property. Alleging, further, that, under terms of the trust deed, the trustees were entitled to proceeds ensuing from the property. That the oil companies were failing and refusing to have said property insured, were permitting the leases thereon to default and were committing acts of waste, and were failing to do the other things alleged in the cross-petition, necessary to protect the property covered by the trust deed; and prayed for foreclosure of the mortgage or trust deed and for the appointment of a receiver.

The prayer of the separate answer and cross-petition is in words and figures as follows:

"Wherefore, defendants pray that they have judgment against the defendant, Globe Oil Company, for the principal sum of said notes outstanding and unpaid, to wit, the sum of one million four hundred forty-five thousand dollars ($1,445,000.00) with the interest accrued thereon, from the 15th day of February, 1919, until paid together with the sum of one thousand dollars ($1,000.00) in expenses laid out by the trustees, and the further sum of one hundred thousand dollars ($100,000.00) as attorney's fees for trustees, and for its costs and for further judgment foreclosing the lien of the said deed of trust upon the said property, and forever barring the defendant, Globe Oil Company, and the plaintiff, Skelly Oil Company, from any lien, estate, interest or title thereto, and that the premises be ordered sold as a whole or in separate parcels, to satisfy the said judgment. That forthwith and pending the final judgment herein, a receiver be appointed to take possession and charge of the said property, situated in the state of Oklahoma, collect therefrom, and to operate said oil properties under the orders of this court."

To the said separate answer and cross-petition, the plaintiff below, plaintiff in error

herein, filed a motion to dismiss the cross-petition. Same was **overruled, whereupon plain-** tiff filed a demurrer to the cross-petition, and the same was by the court overruled and upon the question of appointing a receiver under said cross-petition evidence was introduced, and after the matter had been heard and argued the Hon. Owen Owen, District Judge, did on the 5th day of August, 1920, make an order appointing Tracy D. Brown, Tulsa, Oklahoma, receiver of all the properties of the said Globe Oil Company, a corporation, and fixed the amount of the bond of the receiver at the sum of $200,000.

We quote the following from said order appointing a receiver; same sets forth the findings and reasons for the court's action:

"The court further finds that the defendants, Fort Dearborn Trust & Savings Bank and Frank M. Forrey, are the owners of a valid and subsisting trust deed against the property of the defendant, Globe Oil Company, hereinafter mentioned, and that said trust conveyance specifically pledges the rents and profits arising from said properties as a part of the security conveyed by said trust deed. That there is past due on said trust conveyance approximately one million four hundred forty-five thousand dollars ($1.445,000.00), with interest, attorneys' fees and costs, and that the trustees named under said trust conveyance, defendants herein, are entitled to possession of said properties and to collect the income and profits arising therefrom; that said incomes and profits arising from said properties are now being converted by the Skelly Oil Company, plaintiff herein, to its own use and benefit, and are not being applied to the payment of said trust indebtedness and that said trust property is being lost and destroyed and being placed beyond the reach of said trustees, defendants herein. That the defendant, Globe Oil Company, is in default under the terms of said trust deed in that it has failed to pay certain sums required by said trust deed; that the defendant, Globe Oil Company, is insolvent and unable to pay a deficiency judgment should there be a deficiency herein; that said properties are probably insufficient to satisfy the indebtedness covered by said trust deed and that said mortgaged properties, together with the incomes and profits arising therefrom, are in grave danger of being lost or destroyed or materially injured, to the injury of the said defendants, and that by reason thereof said property is being constantly depleted; that the defendant, Globe Oil Company, has failed to insure said property, and has failed and neglected to pay certain royalties due to the owners of lands upon which said Globe Oil Company owns leases which are covered by said trust deed, and that by reason thereof said defendants are entitled to the appointment of a receiver herein to take charge of said property and preserve the same during the pendency of this action."

To the action of the court in so appointing said receiver the plaintiff below, plaintiff in error herein, the Skelly Oil Company, a corporation, excepted, and appears in this court by petition in error. The 4th, 5th, and 6th assignments and prayer of the petition in error are in words and figures as follows:

4. "Error of the court in appointing a receiver in said cause.

5. "The order and judgment of the court in appointing the receiver was clearly against the weight of the testimony.

6. "Error of the court in the appointing of a receiver in said cause without the defendants first making a reasonably clear case to the ownership or a valid lien upon the properties involved, for the reason that the appointment of the receiver has the effect to take from the possession and control of the plaintiff certain valuable oil properties and entailed a large and unnecessary amount of expense and is detrimental to all parties interested.

"Wherefore, plaintiff in error prays that said judgment and order so made and entered may be reversed, set aside and held for naught, and that a judgment may be rendered in favor of the plaintiff in error, vacating and setting aside said order appointing a receiver; that in the event the court finds from the facts and the law that the trial court did not err in appointing said receiver, the plaintiff in error asks that it be permitted to execute a bond in lieu of said receiver to continue the operations of said properties, and will ever pray."

The issues involved in this appeal are joined between the Skelly Oil Company, plaintiff below, and the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey, trustees, defendants below, under the deed of trust, and the issue being as to the correctness of the order of the trial court in appointing a receiver. We will, hereafter, refer to the Skelly Oil Company as the plaintiff in error, and the trustees, the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey, as defendants in error.

The plaintiff in error presents its prayer in the alternative in the petition in error, and in this manner: That if this court holds that the court below committed no error and was guilty of no abuse of discretion in the appointment of a receiver, then, in which event, the plaintiff in error asks that it be permitted to make bond to the defendants in error and be permitted to retain possession of the property under the terms and conditions of a bond to be fixed by the court.

In its brief, the plaintiff in error reduces its argument to two propositions, as set out on page 39 of its brief:

"First, that the plaintiff or cross-petitioner must make a prima facie case by making it reasonably appear that it will be successful on the merits. Second, to show that if the receiver is not appointed to take control and

possession of the properties, such property will be destroyed or materially injured or the security materially depreciated."

The preamble and subdivision 2 of section 4979, Rev. Laws of Oklahoma, 1910, vol. 2, read as follows:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or, in the absence of said judges from the county, by the county judge. * * *"

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured. or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The holdings of this court in numerous cases on the question of the appointment of receivers by a trial court, and where the action of a trial court in so appointing a receiver is appealed for review to this court, are that this court will go into the record only sufficiently to determine as to whether or not there was abuse of discretion by the trial court. The examination of the findings of the decree of the court in the instant case and appointing a receiver shows that the court determined the facts to be such that the grounds for appointment of a receiver, under the terms of the above statute, were established, and we hold that the court was correct in making such appointment. The suit of the plaintiff in error was in the nature of an action for specific performance, wherein it set up a claim to a portion of the property covered by the trust deed and contended that its rights to said property were superior to the rights of the defendants under their trust deed. The defendants in error came back denying the allegations of the superior rights of the plaintiff in error, setting up their trust deed, alleging default, insolvency of the Globe Oil Company, waste and failure to protect property, appropriation of profits and assets, and insufficiency of the property to pay the debt, and other grounds for the appointment of a receiver, and upon these issues the court below found in favor of the defendants in error. It appears to us that the burden upon any issue of superior rights to the property would be upon the plaintiff in error, instead of being upon the defendants in error, to show probability of final recovery. The question raised by the plaintiff in error is a question of equitable rights as between it and the defendants in error, and is not a question of legal title.

The plaintiff in error would most certainly have to show that notice was brought home to the trustees of the rights of the plaintiff in error that had arisen under its contract of sale with the Globe Oil Company. The defendants in error contend that, even if this knowledge was brought home to the trustees, that fact would not have the effect of making the rights of the plaintiff in error superior to those of the defendants in error. This last proposition, we are not determining.

The plaintiff in error has offered nothing, in his brief, upon the question as to whether or not there was an abuse of discretion on the part of the trial court in appointing a receiver in the instant case. The findings of fact by the trial court are not refuted by the plaintiff in error. In the absence of such showing by the plaintiff in error, the presumption is that the facts exist that support the findings of the court. In this connection, we are going to set forth fully rule No. 26 (47 Okla. x) of the Supreme Court of this state:

"26.     Brief—Requisites—Contents. The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court. If the defendant in error or appellee shall claim that such abstract is incomplete for the purpose stated, his brief shall contain a counter abstract correcting any such omission or inaccuracies. Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. Also, where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions. A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain fact: but when such a question is presented, the adverse party shall print so much of the evidence as he claims to have that effect. The abstract shall state only the substance of those parts of the record the bearing of which upon the case can be clearly shown in this manner; such as are purely formal or otherwise immaterial shall be omitted altogether, but quotations must be made with verbal accuracy whenever the decision of any question in controversy may be affected thereby. The abstract shall refer to the pages of the record.

"The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same

order, with strict observance of rule 7. The brief of the appellee or defendant in error shall contain, with pertinent references to the pages of the abstract, any points challenging the right of plaintiff in error to be heard; a full statement of any additional facts shown by the abstract and deemed essential; citations of authorities and discussions of the alleged errors, in the same order as in the brief of the plaintiff in error. All briefs shall be printed unless otherwise ordered."

The attorneys of this state know the task that confronts the Supreme Court of this state; hence, we are setting out the above rule in full in this case to remind the attorneys of its existence. They are furthermore cautioned that it should be observed, if they expect their causes to be reviewed by this court.

The following is quoted from Willard Oil Co. v. Riley et al., 29 Okla. 19, 115 Pac. 1103:

"It may be safely said that, since the appointing or refusing a receiver is largely a matter of sound judicial discretion, even in those states where an appeal is allowed from such interlocutory order, if the testimony addressed to the court below is conflicting and if that court, after duly weighing and considering the testimony, either appoints or refuses to appoint a receiver, an appellate court will not interfere with the exercise of this discretion, in the absence of any facts showing that it has been abused."

We assume, since the plaintiff in error has failed to point out its exceptions to the holdings of the court in its decree appointing a receiver, specifically, and since it has failed to offer any extracts of the record or evidence in support of any specific objections and exceptions to the action of the trial court in appointing the receiver, that it intends to waive any contentions upon this proposition.

The plaintiff in error, in its brief, has undertaken to set out the evidence upon the question of notice to the Ft. Dearborn Trust & Savings Bank and Frank M. Forrey, trustees, of the rights of the plaintiff in error under its contract of sale with the Globe Oil Company, and in support of its contention that the said trustees had ratified the contract and were guilty of such acts as amount to estoppel by applying the money received from the Globe Oil Company to the debt of the trust company under their deed of trust. The defendants in error have also set out the facts from their point of view bearing upon this question of notice and bearing upon the question of estoppel and ratification. We have examined the record and evidence in this case and we do not find that upon any

proposition raised the court abused his discretion in making the order appointing a receiver. It must be borne in mind that this record discloses that the plaintiff in error did not assume the indebtedness due to the trustees from the Globe Oil Company, nor any part thereof, and it is in no sense obligated to pay any portion of said indebtedness. The holders of the deed of trust against the Globe Oil Company can look only to the assets of the Globe Oil Company and the property covered by their deed of trust. The plaintiff in error merely stands in the position of one who has bought mortgaged property with notice, and it continues in such position until upon the final hearing of its contentions it is shown, in law and equity, to be entitled to be relieved from that position. The plaintiff in error is not in the position of one raising a question of title to mortgaged property, and which question involving the legality of the title as it existed at the time the rights of the mortgagee attached. It is, however, in the position of one alleging a transaction taking place between it and the mortgagor and arising subsequent to the taking of the mortgage, and in which it, the plaintiff in error, seeks to raise certain equities, by allegation of estoppel, and notice as attaching to the mortgagee, which it claims have the effect of making the rights of the plaintiff in error superior to the rights of the mortgagee. To establish such facts, the burden is undoubtedly upon the plaintiff in error.

The cases cited by the plaintiff in error, and which involves questions of title to be decided and in which the courts refused to appoint receivers, are not parallel to the situation in the instant case.

Vol. 23, Ruling Case Law, page 29, states the rule as to the appointment of a receiver over real and personal property as follows, and being a portion of section 25:

"25. Ejectment: Disputed Title.— Whenever a contest over real property is merely a question of disputed title, as in actions of ejectment, the plaintiff asserting a legal title in himself as against a defendant in possession, who is receiving the rents and profits under a claim of legal title, a receiver will not ordinarily be appointed to take possession of the property or to receive the rents and profits thereof, except under urgent and peculiar circumstances wherein the property is in imminent danger of loss and the appointment of a receiver is required to preserve it."

The rule as to the appointment of a receiver for mortgaged property is stated in the same volume of R. C. L., page 30, in the following portion of section 26:

"26. Mortgaged Property.— In the case of mortgaged real property, where it appears that the debtor is insolvent, that the property is an inadequate security for the debt, and that there is danger of waste or deterioration if it remains in the control of the mortgagor, sufficient grounds for the appointment of a receiver are shown. And the same grounds have been recognized as sufficient in the case of chattel mortgages, it being declared that where the petition shows the insolvency of the mortgagor, the inadequacy of the security, and danger of loss, waste, or removal of the property beyond the jurisdiction of the court, the appointment of a receiver is justified."

We do not think there was abuse of discretion by the trial court in appointing a receiver, and the very fact that the trial court found sufficient grounds to exist for the appointment of a receiver and as a basis for the exercise of his discretion in making the order of appointment, is of itself sufficient to exclude the right of the plaintiff in error to make bond in lieu of a receivership.

The feasibility of a bond in lieu of a receivership raises questions that are entirely foreign, as we view it, to the issues involved in the instant case. The theory upon which the receiver was appointed in this case and some of the grounds found by the court as the basis of his appointment of a receiver exclude the idea that the taking of a bond, which would permit the plaintiff in error to remain in possession of the property, would be, in any sense, adequate to grant the relief that the defendants in error contend, and the trial court found, that they were entitled to. To repeat, our conclusions are that there was no abuse of discretion by the trial court in making the order appointing a receiver in this cause.

We think that in this position we are supported by the section of the statutes heretofore quoted and the following authorities: Jackson v. Levy, 75 Okla. 256, 183 Pac. 505; Kountze v. Omaha Hotel Co., 107 U. S. 378, 27 L. Ed. 607; Grant v. Phoenix Mutual Life Insurance Co., 101 U. S. 105, 30 L. Ed. 905; Jones on Mortgages, sec. 1532, p. 493; Hughes et al. v. Garrelts, 35 Okla. 321, 129 Pac. 43; Meridian Oil Co. v. Randolph, 26 Okla. 634, 110 Pac. 722; Horton v. Haines, 23 Okla. 878, 102 Pac. 121; Des Moines Gas Co. v. West, 44 Iowa, 23; High on Receivers, sec. 643; Willard Oil Co. v. Riley et al., 29 Okla. 19, 115 Pac. 1103; Cowokochee v. Chapman, 67 Oklahoma, 171 Pac. 50; High on Receivers, sec. 7.

The action of the trial court in appointing said receiver is hereby affirmed, and the motion of the plaintiff in error for permission to make bond in lieu of the receivership is hereby overruled.

PITCHFORD, V. C. J., and JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.