## EXCHANGE TRUST CO. v. SHI et al.

No. 14763—Opinion Filed Sept. 30, 1924.

### Appeal and Error—Discretion of Trial Court —Refusal to Appoint Receiver Pendente Lite.

Where from a consideration of the claims made by the parties on application for appointment of a receiver pendente lite, the same is refused and on appeal no abuse of discretion is shown, and there being evidence and circumstances reasonably tending to sustain the order refusing such receiver, the same will not be disturbed.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Application by Exchange Trust Company, a corporation of Tulsa, Okla., against A. H. Shi et al. for the appointment of a receiver pendente lite. Judgment for defendants. and plaintiff appealed. Affirmed.

H. G. Butts, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

Opinion by FOSTER, C. This appeal is prosecuted to reverse a judgment of the district court of Garvin county, Okla., refusing to appoint a receiver. The application for the appointment of a receiver was denied during the pendency of an action brought in said court by the Exchange Trust Company, a corporation of Tulsa, Okla., as plaintiff, against A. H. Shi, Bessie M. Shi, Thomas L. Farriss, C. B. Saviers, Simon Janowsky, Michael Janowsky, and G. C. Arnold, as defendants, to foreclose a second real estate mortgage covering 180 acres of land in Garvin county, given to secure the principal sum of $600, evidenced by two promissory notes each for the sum of $300, and maturing on January 1, 1922, and January 1, 1923, respectively.

It was claimed that the conditions of said mortgage had been broken, by reason of a failure of the defendants to pay either of said notes at their maturity, and by reason of their failure to pay the outstanding taxes assessed against the land.

After issue had been joined in the original action and before the cause was reached for trial upon its merits, the plaintiff in error filed its application for a receiver to take charge of the real estate involved during the pendency of the action, collect the rents and profits therefrom, and hold the same pending final termination.

Notice of the application was duly given the defendants in error, pursuant to which a hearing was had on the 6th day of October, 1923, resulting in a judgment denying a receiver.

In its petition in error the plaintiff in error complains of the action of the trial court in denying and refusing its application for the appointment of a receiver, and while our examination of the record fails to disclose that the plaintiff in error excepted to the judgment of the trial court refusing such receiver, nevertheless, we are convinced upon examination of the entire record that the judgment of the trial court should not be disturbed.

It was the theory of the plaintiff in error that the fair market value of the land in controversy at the time of the trial did not exceed the sum of $20 per acre, and that based upon this valuation the real estate

could not be made to yield enough cash to pay the outstanding mortgage indebtedness against the property, which, including the plaintiff's mortgage, amounted to $4,343.88, and that a receiver should therefore be appointed to impound the rents subject to the final determination of the pending action.

On the other hand, it was the contention of the defendants in error that the fair market value of the real estate at the time of the trial was $30 per acre, and that based upon this valuation the real estate was ample to take care of all indebtedness without impounding the rents.

The evidence offered at the time of hearing on the part of both parties was made up of oral testimony. There was a direct conflict in the same, but after a perusal thereof, and a careful consideration of the statement of the parties pro and con, and in addition thereto, giving to the conclusion of the trial court that weight to which, under the circumstances, we believe it is entitled, we are not prepared to say there was any lack of evidence reasonably tending to sustain it, or that there was an abuse of its discretion in refusing the appointment of a receiver. In 27 Cyc. page 1623, it is said:

"The power to appoint receivers in foreclosure suits is a power inherent in courts of equity as part of their general authority, and does not depend on any contractual provision in the mortgage giving a lien on the income, nor does it depend on statutes, although its extent and the grounds for its exercise may be regulated by positive law, nor is it abrogated or abridged by statutes which declare that the legal title remains in the mortgagor, or that a mortgage shall not be deemed a conveyance so as to entitle the mortgagee to possession without foreclosure.

"It is a power which rests very largely in the discretion of the court where the foreclosure suit is brought, to be exercised or withheld according to a wise and provident consideration for the rights and equities of all parties, as determined by the peculiar circumstances, and an appellate court will be slow to interfere with the exercise of such discretion, although it should be remembered that the power is one to be exercised only in a strong case, and otherwise, the appointment of a receiver may be a reversible error."

The rule is clearly stated in Willard Oil Co. v. Riley, 29 Okla. 19, 115 Pac. 1103, quoting with approval from High on Receivers as follows:

"'It may be safely said that, since the appointing or refusing a receiver is largely a matter of sound judicial discretion, even

in those states where an appeal is allowed from such interlocutory order, if the testimony addressed to the court below is conflicting, and if that court, after duly weighing and considering the testimony, either appoints or refuses to appoint a receiver, an appellate court will not interfere with the exercise of this discretion, in the absence of any facts showing that it has been abused.'"

The record discloses that the findings of the trial court were based entirely upon oral testimony by which it was undoubtedly enabled to weigh the conflicting evidence with much greater accuracy of reaching a correct solution than is possible in a reviewing court, and no abuse of discretion having been made to appear, the conclusion reached will not be disturbed. New Willard Oil Co. v. Riley, supra.

Several original affidavits have been attached to the briefs of counsel on both sides, as well as certain statements of counsel made in the briefs filed outside of the record, but these affidavits and statements form no part of the record before us for review and have therefore been entirely disregarded. Judgment of the trial court should be affirmed.

By the Court: It is so ordered.