**POSEY et al. v. BROWN et al.**

No. 20938. Opinion Filed May 24, 1932.

Norman Barker and Carter Smith, for plaintiffs in error.

J. C. Pinkerton, Jr., and Hess Crossland, for defendant in error First National Bank & Trust Company of Tulsa.

CULLISON, J. Plaintiffs instituted suit seeking to quiet title to certain real property situated in Tulsa county, Okla., and named as defendants, Stanley W. Brown and the First National Bank of Bixby, Okla. The First National Bank & Trust Company of Tulsa made application and procured leave to file a petition of intervention in said cause and in said petition of intervention said intervener alleged that it was interested in the subject-matter of the suit at bar in that it held under assignment certain agricultural leases on the land in controversy, and also asked for the appointment of a receiver for the rents derived from said land.

A receiver was appointed without notice. Plaintiffs made application to have the receiver discharged, but withdrew said application and later filed an application to have the receiver in said cause discharged. The application was heard and the court made an order refusing to discharge the receiver, from which order refusing to discharge the receiver plaintiffs appeal to this court. The parties are referred to in this opinion as they appeared in the trial court.

The sole question for determination in this appeal is, whether or not the trial court abused its discretion in refusing to discharge the receiver previously appointed in said cause.

The appeal in no way affects the merits of the causes of action. The receiver was appointed for the purpose of collecting the rents produced on the land under controversy. We have carefully examined the record as presented and find that the record fails to show that the trial court abused its discretion in rendering the order appealed from.

However, we state emphatically that the decision on the question under consideration in this appeal is to be considered in no wise as passing upon the merits of the principal causes of action. By this decision it is not to be inferred that we are in any wise passing upon or inferring that the leases sought to be declared void are either valid and binding leases or invalid leases and of no force and effect; and by this opinion we in no wise intend to intimate whether plaintiffs or intervener should prevail in the final trial of the issues of said cause.

This decision is rendered solely upon the record as pertaining to the matter of a receiver and nothing else, and is in accordance with the decision of this court in the case of Skelly Oil Co. v. Globe Oil Co. et al., 82 Okla. 214, 200 P. 537:

"The appointment of receivers by the inferior courts, when brought to the Supreme Court for review, will not be reversed unless it clearly appears that the lower court abused the discretion, placed with such inferior courts, under the provisions of section 4979, R. L. 1910, chapter on Receivers (Willard Oil Co. v. Riley et al., 29 Okla. 19, 115 P. 1103)."

We therefore hold that the decision of the trial court should be affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), annotation in 26 A. L. R. 37; 36 A. L. R. 610; 23 R. C. L. 10; R. C. L. Perm. Supp. p. 5296.