## McCANN v. SPIRO STATE BANK.

No. 22502. Opinion Filed Nov. 15, 1932.

Varner & Varner, for plaintiff in error.

Sam A. Neely, Babb & Bennett, and D. F. Rainey, for defendant in error.

CULLISON, J. This is an appeal from the judgment of the trial court appointing a receiver in said causes. The record discloses that plaintiff, Spiro State Bank, had instituted several suits against defendant John McCann, and other defendants. Two of said suits were in judgment, and in the remaining suits defendant McCann had authorized confession of judgment as to certain amounts in each of the said remaining suits.

Plaintiff issued executions on the two judgments and the sheriff returned the same "No Property Found." Immediately thereafter, plaintiff made application to the district court for citation against defendants for the purpose of ascertaining what property defendants possessed that might be subjected to execution.

Thereafter, plaintiff filed its petition for a receiver, and pleads numerous facts therein in substantiation of its petition for the appointment of a receiver. A hearing was had upon the petition for the appointment of a receiver of defendants' property and numerous witnesses testified at said hearing. At the conclusion of said hearing the trial court found in favor of plaintiff and against defendant, finding that it was proper to appoint a receiver, and render judgment thereon, appointing a receiver for defendants' property, from which judgment appointing said receiver, defendant McCann appeals to this court, and alleges in support of said appeal:

"That the application for the appointment of a receiver did not state facts, and the evidence introduced did not prove facts sufficient to warrant the court in making the order appointing a receiver under the provisions of section 518 of the C. O. S., and therefore it was error of the court to overrule the motion to vacate and set aside the order appointing the receiver."

The first part of said assignment of error goes to the fact that the application for the appointment of a receiver did not state sufficient facts. We have reviewed the application or petition for the appointment of the receiver, and after carefully considering said petition hold that said petition states sufficient averments to bring it within the requirements for such a petition.

The evidence introduced at said hearing was very extensive and was sufficient to warrant the court in making the finding and rendering the judgment complained of herein.

The law applicable to this appeal is section 518, C. O. S. 1921 [O. S. 1931, sec. 773]. Said section has been considered by this court and construed on previous occasions. In the case of McDonald v. Bohling, 102 Okla. 243, 228 P. 783, this court held:

"The appointment of a receiver, under article 19, ch. 3, Comp. Okla. Stat. 1921, is a matter within the sound discretion of the trial court, and an order appointing or refusing to appoint such receiver will not be disturbed, unless an abuse of discretion is shown."

And in the very recent case of Posey v. Brown, 157 Okla. 210, 11 P. (2d) 936, this court said:

" 'The appointment of receivers by the inferior courts, when brought to the Supreme Court for review, will not be reversed unless it clearly appears that the lower court abused the discretion placed with such inferior courts, under the provisions of section 4979, R. L. 1910, chapter on Receivers (Willard Oil Co. v. Riley, 29 Okla. 19, 115 P. 1103).' Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 P. 537."

It will be observed from the above citations that the question of appointing a receiver is a matter largely within the discretion of the trial court, and that this court will not interfere with the judgment of the trial court unless there has been an abuse of discretion by the trial court.

We have reviewed the record in the case at bar and the law applicable to said appeal, and after applying the law applicable to this appeal to the evidence in said cause, we cannot say that the trial court abused its discretion in rendering the judgment appealed from, but the record indicates that the judgment was proper.

In accordance with the above holdings of this court, the judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.