WHISMAN et al. v. MISSOURI STATE LIFE INS. Co. et al.

*97 P. 2d 1.*

No. 28965.   Oct. 17, 1939.

Rehearing Denied Dec. 19, 1939.

262

James M. Hays, of Okmulgee, for plaintiffs in error.

E. J. Gilder, of Okmulgee, for defendants in error.

CORN, J. This is an appeal from an order of the district court of Okmulgee county appointing a receiver, and from an order overruling a motion to vacate the appointment of the receiver.

The cause now on appeal is an outgrowth of a case appealed to this court, Missouri State Life Insurance Co. v. Whisman, 181 Okla. 168, 73 P. 2d 130. In April, 1932, the defendants in error, plaintiffs in error in the case at bar, brought an action for damages for breach of warranty in a deed against Missouri State Life Insurance Company. The General American Life Insurance Company was made a party defendant. Said defendants answered and filed cross-petition, asking foreclosure of the mortgage

of the premises upon which plaintiffs had sued for breach of warranty of the deed. The jury returned a verdict for plaintiffs. The trial court then found against the defendants upon their cross-petition and dismissed same without prejudice.

On appeal to this court the cause was reversed and remanded, with directions to set aside the judgment rendered and grant a new trial. As reflected by the opinion, only those questions relating to damages for the alleged breach of warranty were considered, and nowhere in the opinion is there any mention of error on the part of the trial court in dismissing the cross-petition.

After the mandate was made to show of record in the district court of Okmulgee county, the defendant in error herein made application May 31, 1938, for the appointment of a receiver for the property in question. Plaintiffs in error appeared specially, asking that the application be quashed, for the reason nothing was before the district court at that time upon which receivership could be predicated, since the trial court had dismissed the defendants' original cross-petition without prejudice and this portion of the judgment had never been reversed, modified, or vacated. This special motion to quash was overruled.

On October 19, 1938, the application for appointment of a receiver was heard, and the court sustained said application, appointed a receiver under bond, to which action plaintiffs in error excepted. Thereafter plaintiffs in error filed motion to vacate the order appointing the receiver, which was overruled, and plaintiffs in error have appealed from the orders and judgment of the trial court.

The question here p r e s e n t e d is whether, after this court reversed the judgment rendered in the case of Missouri State Life Insurance Co. v. Whisman, supra, and remanded the case for new trial, there was anything pending before the district court upon which a receivership could be based. The question then is resolved into a question as to the effect of the mandate rendered by this court, reversing the judgment ren-

dered in the trial court and remanding the cause for a new trial.

A new trial is defined as being a retrial or re-examination of issues of fact, recognizing that there has been a complete trial, which has been set aside in order that the issues may be tried de novo. 46 C. J. § 1, p. 58; Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700.

In Turk v. Page, 68 Okla. 275, 174 P. 1081, paragraph 1 of the syllabus states:

"Where a decree is reversed and cause remanded, with directions to the trial court to grant a new trial, it stands the same, except as to questions of law settled by the proceedings in error, as if no trial had been had. The parties may, if the case warrants, amend their pleadings under proper restrictions in such way as to conform to the views of the appellate court in respect to the allegations of fact necessary to entitle them to the relief sought."

In McIntosh, Adm'r, v. Lynch, 93 Okla. 174, 220 P. 367, this court, in passing upon this question, cited and relied upon the early cases of Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 P. 654, and Ball v. Rankin, 23 Okla. 801, 101 P. 1105, both cases declaring the rule to be that when a judgment is reversed and the cause remanded, it stands as if no trial had been had, and thereafter pleadings can be amended, supplemental pleadings filed, and new issues formed, under proper restrictions.

This principle has been adhered to in an uninterrupted line of decisions, from the earliest decisions to the more recent decisions from this court of Secrest v. Secrest, 168 Okla. 576, 36 P. 2d 57, and Continental Casualty Co. v. Goodwin, Adm'r, 180 Okla. 365, 69 P. 2d 644.

Therefore, under this settled principle, when the original judgment in the case of Missouri State Life Ins. Co. v. Whisman, supra, was reversed and the cause remanded to the trial court, the case stood exactly as though there had been no trial. There being no decision in that case upon the issue made by the cross-petition as to whether the mortgagors were in default in payment of the mortgage, the pleadings were left standing as a part of the pleadings upon which the issues were to be made at the next trial.

Thus, the cross-petition asking for foreclosure of the mortgage on the land in question having been pending at the time the application was made for the appointment of a receiver, there is no merit to the contention there was nothing before the district court of Okmulgee county upon which to base the application for receivership.

Although the petition in error alleges the order and judgment of the district court of Okmulgee county are not sustained by sufficient evidence, no argument is presented, nor are any authorities cited to sustain this contention. Neither is there any attempt made to point out wherein the trial court abused its discretion in the appointment of a receiver.

The evidence disclosed by the record shows the plaintiffs in error to be in default in payment of their mortgage indebtedness. The evidence further shows the property produced some coal, the royalties from which were to be applied upon the indebtedness. The evidence further shows the mortgaged property, in all probability, to be insufficient to discharge the amount of mortgage indebtedness.

In McCann v. Spiro State Bank, 160 Okla. 123, 16 P. 2d 81, paragraph 1 of the syllabus states:

" 'The appointment of receivers by the inferior courts, when brought to the Supreme Court for review, will not be reversed unless it clearly appears that the lower court abused the discretion, placed with such inferior courts, under the provisions of section 4979, R. L. 1910 (C. O. S. 1921, § 518) chapter on Receivers (Willard Oil Co. v. Riley, 29 Okla. 19, 115 P. 1103).' Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 P. 537."

We are of the opinion the trial court did not err, either in overruling the motion to quash the application for receivership, or in denying the motion of plaintiffs in error to vacate the order of appointment.

Judgment affirmed.

WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur.