(78 South. 641)

IMPERIAL MOTORCAR CO. v. SKINNER. (8 Div. 525.)

(Court of Appeals of Alabama. April 16, 1918.)

1. PRINCIPAL AND AGENT ⚖➔63(1)—CONTRACT — CONSTRUCTION — "CURRENT CATALOGUES."
Under contract to sell automobiles as shown in current catalogues, "current catalogues" means such catalogues as should from time to time be issued, and not merely the catalogues in existence on execution of the contract.

2. CONTRACTS ⚖➔271—CANCELLATION—JURY QUESTION.
Whether a contracting party has canceled his contract is ordinarily for the jury, since he may elect not to cancel it in spite of acts warranting cancellation.

3. PRINCIPAL AND AGENT ⚖➔78(1)—CONTRACT OF AGENCY—CONSTRUCTION.
Where plaintiff agreed to sell automobiles on commission, the contract providing that if he did not sell 80 per cent. of the allotted quota the agency could be revoked, there was not such absolute agreement to sell such number of cars as would prevent recovery for cars sold so long as the other party treated the contract as subsisting.

4. ARBITRATION AND AWARD ⚖➔10 — AGREEMENT TO ARBITRATE—EFFECT.
An agreement to submit a controversy to arbitration, not consummated, does not oust the jurisdiction of the courts at the instance of either party, and therefore a clause in the contract agreeing to submit matters of difference that might arise in the future to a certain umpire for its final determination, which was not acted upon, would not preclude the plaintiff from recovering.

Appeal from Circuit Court, Madison County; James H. Ballantine, Judge.

Action by C. M. Skinner against the Imperial Motorcar Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were refused to defendant:

(1) I charge you, as a matter of law, that the current model of cars described in the contract sued on were the cars described in the catalogue of the Hudson Motorcar Company that were issued at the time of the contract.

(2) Affirmative charge.

(3) The plaintiff cannot recover for commissions on the car sold by defendant to Smith, if you find from the evidence that said car was not described in the contract sued on.

(4) If you believe from the evidence that plaintiff had not sold at least 80 per cent. of the cars he agreed to sell at the time defendant sold the cars to Leslie and Smith, then your verdict must be for defendant.

(5) Defendant, as a matter of law, did not have to give plaintiff notice that it intended to cancel the contract, if you believe that plaintiff had not sold at least 80 per cent. of the cars which he had agreed to sell at the time defendant sold said cars to Smith and Leslie.

(6) If from the evidence you believe that the car sold to Smith by defendant was not described in the contract sued on, you cannot find for plaintiff for commission on said car.

(7) Affirmative charge.

R. E. Smith, of Huntsville, for appellant. David A. Grayson, of Huntsville, for appellee.

SAMFORD, J. [1] In the contract of agency between the parties it was provided, "The dealer will sell new Hudson pleasure motorcars of the current models as described in the catalogue of the Hudson Motorcar Company, of Detroit, Mich.," and by charges made the basis of assignments of error 1, 3, and 6 the court was asked to charge affirmatively that, unless the cars sold and for which commissions were claimed were described in the catalogues of the Hudson Motorcar Company at the time of the execution of the contract, the plaintiff could not recover. "The prime object in construing contracts is to ascertain and effectuate the intention of the parties, and in ascertaining such intention the instrument must not only be examined, but due consideration must be given to the situation of the parties, the subject-matter of the contract and the object it is intended to accomplish, and every clause and word must be taken into consideration, and given some meaning and effect, if possible, not repugnant to its other terms." Electric Lighting Co. of Mobile v. Elder Bros., 115 Ala. 138, 21 South. 983; Weir v. Long, 145 Ala. 328, 39 South. 974. When this is done, we must conclude that in this contract, which was to continue at the pleasure of the parties, for the sale of Hudson motorcars upon stipulated terms and conditions, "current catalogues" referred to therein could only mean such catalogues as should from time to time be issued by the Hudson Motorcar Company during the life of the contract. Therefore the refusal to give charges 1, 3, and 6 as requested by defendant was not error.

[2] There was evidence tending to show that the defendant recognized the plaintiff as its representative under the contract after the transactions made the basis of this suit. Even if plaintiff had so conducted himself as to authorize defendant to cancel the contract, the election to so do was with defendant, and this was a question for the jury. Hence charges 2 and 7 requested by the defendant were properly refused.

[3] Section 18 of the contract is as follows:

"The dealer herewith furnishes the subdealer quota of the possible and expected sales of Hudson cars in each county of the territory above described. The subdealer agrees to exert his best efforts to accomplish the sale of Hudson cars shown in the quota and during the months and in such quantities as are specified in the accompanying schedule. It is understood that the referred to quota is merely an estimate, but that if these totals are not approximated within 80 per cent. as indicated, under normal conditions, both the dealer and the subdealer agree that a satisfactory showing has not been made. In the event that the quantity of cars shown by the quota herewith attached is not delivered in the months indicated, the subdealer concedes to the dealer the right to reapportion the territory, or make such other arrangements as in the dealer's opinion will best assure the sale of such quantity of cars in such territory."

This is not an absolute contract to sell so many cars, but to exert his best efforts, and a failure to sell is not a breach in such sort as would prevent the plaintiff from recovering for cars sold in his territory so long as defendant treated the contract as subsisting, which under the facts was a question for the jury. Hence the refusal of the court to give charges 4 and 5, asserting a different rule, was without error.

[4] An agreement to submit a controversy to arbitration, not consummated, does not oust the jurisdiction of the courts at the instance of either party, and therefore the clause in the contract agreeing to submit matters of difference that might arise in the future to a certain umpire for its final determination, which was not acted upon, would not preclude the plaintiff from recovering in this case. Winter v. City Council of Montgomery, 79 Ala. 481; Bozeman v. Gilbert, 1 Ala. 90; 3 Cyc. 607.

This case is differentiated from the cases of Western Assurance Co. v. Hall & Bro., 112 Ala. 318, 20 South. 447, and Abercrombie v. Vandiver, 126 Ala. 513, 28 South. 491, in that in those cases the contracts were so drawn as to require plaintiff to show that he had done everything on his part to effect an ascertainment by arbitration, while in this case it does not.

There is no error in the record, and the judgment is affirmed.

Affirmed.