[No. 16183.    Department Two.    March 14, 1921.]

WILLIAM SELB, *Respondent*, v. PACIFIC STORAGE & TRANSFER COMPANY, *Appellant*.[1]

WAREHOUSEMEN (4)—LOSS OF GOODS—LIABILITY. A storage company which agreed to receive goods to be shipped to the owner, notify him of the receipt, and hold them for him, is liable for their value as a warehouseman where it delivered the goods to another who falsely represented herself as the wife of the owner and disposed of the goods.

SAME (4). A release by a transfer company of the value of goods shipped, made without authorization of the owner, would not affect the liability of a warehouseman receiving the goods under an agreement to hold them for the owner, which was breached by misdelivery.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 27, 1920, upon a verdict in favor of the plaintiff, in an action to recover for loss of goods in storage. Affirmed.

*H. W. Lueders*, for appellant.

*Remann & Gordon*, for respondent.

TOLMAN, J.—Respondent, a plumber by trade, lived in Butte, Montana, prior to the early part of the year 1917. In the spring of that year, he came to this state,

[1]Reported in 196 Pac. 584.

leaving certain tools and personal effects with a friend in Butte, who caused them to be delivered to a transfer company to be packed and shipped to respondent at Seattle. The goods were so packed and shipped, but for some reason were not delivered to respondent in Seattle, but were afterwards returned by the railway company to the transfer company in Butte. In May or June, 1918, respondent was employed in construction work at Camp Lewis, and lived in Tacoma. He then went to appellant and arranged with it to wire the transfer company at Butte, directing them to send the goods by freight to him at Tacoma, in care of appellant; the appellant to pay the charges of the Butte transfer company, the freight, etc., and to deliver the goods to him on demand, after their arrival, upon the payment by him of these advances, plus appellant's charges. Thereafter in June or early in July, 1918, respondent, being about to leave Tacoma, went to the appellant's office, learned that the goods had not yet arrived, advised appellant that he was leaving the city, and that his future whereabouts would be uncertain. As to what else occurred the evidence is in hopeless conflict.

Respondent testified that he gave the appellant the address of his daughter in Oregon, advising that letters addressed to him there would reach him in due time, asked that, upon the arrival of the goods, a storage receipt be sent to him there, and was assured by the appellant's manager that the goods would be held for him at least a year after their arrival in Tacoma; while the testimony on behalf of appellant was to the effect that it had moved respondent's effects several times in Tacoma, that he was living with a woman known as Edith Selb whom he held out to be his wife, and that he advised them that in his absence his

wife would look after and receive the shipment when it arrived, and that, in accordance with such instructions, the goods, shortly after their arrival, were delivered by it to Edith Selb, who paid the charges, took them away, and afterwards disposed of them.

Respondent denied having a wife; denied any knowledge of the woman Edith Selb, or that he had lived at the places claimed, with her or at all; denied the giving of any such instructions as to delivery, etc., and claimed that the delivery so made was wholly unauthorized by him. Respondent brought this action for the value of the goods upon the theory that they were unlawfully withheld or converted by the appellant. The cause was tried to a jury, which found a verdict for three hundred and seventy-five dollars in respondent's favor, and from a judgment thereon, the present appeal is prosecuted.

Appellant's principal contentions appear to be based upon its view of the evidence, but we cannot ignore the fact that, according to respondent's evidence, the weight of which was for the jury to determine, appellant was not merely a forwarder, but was also a warehouseman, and as such agreed to keep the goods in storage for at least a year. So, also, with reference to the controversy regarding the relations of respondent with the woman referred to as Edith Selb, and the claim that he gave instructions to deliver the goods to her. The evidence was squarely in conflict, and the jury might have found either way. The instructions given fairly stated the law applicable, as:

"In this case if the plaintiff held himself out as the husband of Edith Selb and they were to all appearances husband and wife, and if you believe from the evidence that William Selb directed or requested the officers of the defendant company to notify his wife, Edith Selb, when the goods arrived and that she would

attend to them, then the defendant was justified in delivering the goods in their possession, received from the Montana Transfer Company, to the said Edith Selb, and that delivery to Edith Selb in such case would not be a misdelivery or conversion on the part of the defendant; and if you find such is the case your verdict should be for the defendant; and this is the case whether in fact they were husband and wife or not."

Nor did the fact, if it be a fact, that the Montana Transfer Company in shipping the goods, released the value to ten dollars per hundred weight in order to obtain a low freight rate, without the authority or consent thereto of respondent being shown, justify the requested instruction to the effect that appellant's liability, whether it acted as a forwarder or as a warehouseman, would be limited thereby.

We find no error, and the judgment is affirmed.

PARKER, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.