## MORAN v. PARK.

No. 14389—Opinion Filed Nov. 13, 1923.

1. **Partnership—Action for Accounting and Dissolution—Right to Receiver.**

In an action for an accounting and dissolution between partners engaged in the hotel business, if the application by plaintiff for the appointment of a receiver, pendente lite, makes it to appear that the plaintiff is the owner or probable owner of an interest in the property, and the partner in possession is failing to keep a record of the operation of the business and to account to the plaintiff, the court may in its discretion appoint a receiver to protect the property or perform such duties as are essential for the preservation of the interest of the parties therein pending disposition of the subject-matter.

**2. Appeal and Error—Discretion of Trial Court—Appointment of Receiver.**

The appointment of a receiver, pendente life, is to a considerable extent addressed to the sound discretion of the court to which the application is made, to be governed by the consideration of the entire circumstances of the case. The action of the court in appointing a receiver will not be reversed on appeal unless there has been a clear abuse of its discretion.

**3. Same—Affirmance.**

Record examined, and held to support the action of the court in appointing receiver.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by Wm. Park against John L. Moran for an accounting and dissolution of partnership between the parties engaged in the operation of a hotel business. Judgment for plaintiff, and defendant appeals. Affirmed.

S. H. Sparks, W. G. Long, and Young & Haste, for plaintiff in error.

H. W. Fielding, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff made application for the appointment of a receiver pending litigation in an action between the parties for an accounting and dissolution of a partnership engaged in the operation of a hotel. It appears from the evidence that the plaintiff acquired an undivided one-half interest in the hotel property including the furniture of the value of about $7,000. Plaintiff's grantor later conveyed the remaining undivided one-half interest to the defendant. The defendant entered into possession of the property and continued to operate the business. The plaintiff alleged that the defendant failed to keep a record of the receipts of the business or disbursements for expenses. The allegation is borne out by the evidence introduced in the record and the evidence further shows that the plaintiff offered to employ a bookkeeper, at his expense, to keep a record of the operations of the business. The defendant refused to permit the bookkeeper selected by the plaintiff to engage in the performance of her duty. The trial court sustained the application of the plaintiff and appointed a receiver. The defendant has brought error to this court and seeks a reversal on the grounds: (a) The insufficiency of the application to state cause for the relief prayed for by the plaintiff; (b) failure of the proof to establish the right of the plaintiff to have a receiver appointed pending the dissolution of the partnership.

The application for the appointment of a receiver in an action for an accounting and dissolution of partnership affairs is addressed to the sound discretion of the trial court. In a hearing upon application for the appointment of a receiver the court should take into consideration the entire circumstances of the case, and unless there is an abuse of the court's discretion in making or refusing the appointment, the action of the court will not be disturbed on appeal. Willard Oil Co. v. Riley et al., 29 Okla. 19, 115 Pac. 1103.

An examination of the record discloses sufficient testimony to support the action of the court in making the appointment.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.