## OSAGE OIL & REFINING CO. v. McDOWELL et al.

No. 14399—Opinion Filed Nov. 13, 1923.

1. **Trial—Jury—Setting for Trial—Waiver of Jury.**

Where the parties agreed to an order of court setting a cause for trial for December 9, 1922, and in open court waived a jury, said waiver having been duly noted on the journal in compliance with section 5016, Revised Laws 1910, and on December 9th the court, without objection, continued said cause to December 15, 1922, and on said date tried said cause without a jury, held proper, and that the parties having consented to a setting of said cause and waived trial by jury, plaintiff in error cannot be heard to allege the same as error in said proceedings.

2. **Affirmance of Cause.**

Held, further, record examined, judgment affirmed, and judgment rendered on supersedeas bond.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by H. M. McDowell and others, doing business under the firm name and style of McDowell & Huston Bros., against Osage Oil & Refining Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. N. Redwine, for plaintiff in error.

Rowland & Talbott, for defendants in error.

Opinion by LYONS, C. The district court of Washington county rendered judgment in this case on two promissory notes executed by the Osage Oil & Refining Company.

The petition states a good cause of action and the judgment is sustained by the evidence and is in accordance with the law and evidence. The plaintiff in error contends that the cause was wrongfully set for trial and tried without a jury, and that the proceedings of the lower court in that respect constitute reversible error.

It appears from the record in this cause that the case was set by agreement of the parties in open court for December 9, 1922, and that the parties in open court waived a jury. On December 9th the district judge was ill and the cause was continued for this reason without objection, to the 15th day of December, 1922, on which date the court proceeded to try the cause and render judgment.

The contention of the plaintiff in error is wholly without merit, and this might well be a proper case for the dismissal of the appeal. However, this cause is presented here by reputable counsel for plaintiff in error who did not participate in the proceedings in the court below, and we shall therefore not dismiss the appeal, but shall, instead, affirm the judgment of the lower court and render judgment also against the sureties on the supersedeas bond.

It is ordered that the cause is affirmed, and judgment is rendered against the sureties on the supersedeas bond.

By the Court: It is so ordered.