### McDONALD v. BOHLING.

No. 15260—Opinion Filed June 3, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

**1. Appeal and Error—Discretion of Court—Appointment of Receiver.**

The appointment of a receiver under article 19, ch. 3, Comp. Okla. Stat. 1921, is a matter within the sound discretion of the trial court, and an order appointing or refusing to appoint such receiver will not be disturbed unless an abuse of discretion is shown.

**2. Same—Abuse of Discretion in Refusal.**

Under the plain provisions of said chapter, under the facts developed in this case, it was an abuse of discretion to refuse to appoint a receiver to take charge of the property.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by Ed. Bohling against Byron McDonald, for the purpose of enjoining the defendant from foreclosing his lien on a certain drag line shovel and outfit. Judgment for plaintiff; defendant appeals. Reversed, with instructions to appoint a receiver in accordance with the prayer of the defendant in error.

Holtzendorff & Holtzendorff, for plaintiff in error.

O. T. Shinn, A. J. Adams, and Hobson & Bayless, for defendant in error.

WARREN, J. In this case the plaintiff in error was proceeding to foreclose his chattel mortgage on certain machinery by advertisement in accordance with sections 7646 and 7648, Comp. Okla. Stat. 1921, when the defendant in error went into the district court of Rogers county and enjoined the sale of the property. The mortgagee answered in that suit and also filed a cross-petition for the foreclosure of his mortgage in a court proceeding under civil procedure as included in the provisions of section 7645, Comp. Okla. Stat. 1921. In such action the defendant, McDonald, made application for the appointment of a receiver to take possession of the mortgaged property, operate it, and collect the rents and profits. He alleged the indebtedness and its maturity and default in payment; the insolvency of the plaintiff, the owner of the property; that the operation of the machinery required expert knowledge; and that it was being operated by an incompetent person and for reasons set out therein was in great danger of being damaged or destroyed. The court on the hearings made the restraining order a temporary injunction and refused to appoint a receiver for the property. From the order of the court refusing to appoint such receiver this appeal is taken.

It appears that the plaintiff in error is the owner and holder of notes and mortgage covering the property in the aggregate amount of $3,000 and accrued interest, and that the defendant in error, who owns the property subject to the mortgage, entered into a contract employing the plaintiff in error to operate the machinery covered by the mortgage, which consists of a drag line shovel and outfit used for the purpose of removing dirt from above the coal in strip coal mines. According to the mortgage and notes the mortgage is in default, the notes being four in amount for $875 each, and being due on July 1, August 1, September 1, and October 1, respectively, all in the year 1923. The mortgage contains the following provisions with respect to foreclosure:

"It is understood and agreed that should the above mentioned indebtedness by mutual agreement hereafter, be renewed from time to time, this conveyance shall and does cover and constitute a lien on all above described property to secure the payment of any and all such renewals, and shall be as binding against the property hereinabove conveyed as if the renewals were described in accruate detail herein. It is expressly understood and agreed that in the event

any of the above described property should be sold or taken possession of by virtue of any process of court, or any other act done or suffered to be done by the undersigned, which in the judgment of the said Matthew Bros. has the effect to injure or jeopardize the right and interest of the said Matthews Bros., then in any or either of said events the said indebtedness shall, at the option of the said Matthews Bros., their administrators or assigns, without notice become immediately due and payable, and the said Matthews Bros., their administrators or assigns, may proceed at once to foreclose this mortgage and take possession of said property as hereinafter provided. It is understood and agreed that the above described property shall not be moved from its present location or be sold or disposed of in any way without the written consent of the mortgagee.

"Now, if the said indebtedness is paid at maturity, then this obligation is null and void, and may be released at the expense of the undersigned, otherwise to remain in full force and effect, and in case default is made in the payment of the above mentioned indebtedness, or any part thereof, at maturity, the whole sum shall at the election of the holder thereof become immediately due and payable, and I hereby authorize the said Matthews Bros., their administrators or assigns, their agent or attorney, to take immediate possession of all of the above described property without recourse to legal proceedings, sell the same at public sale to the highest bidder for cash without notice of time or place (it is understood that the holder may become a purchaser of sale), apply the proceeds of said sale, first to the payment of this debt, together with all costs of said sale or foreclosure, and the residue, if any, to the mortgagor, or his legal representative."

It is claimed on behalf of the defendant in error that he is relieved of the provisions above set out by virtue of a certain contract entered into between Byron McDonald, plaintiff in error, and present owner and holder of the mortgage and notes, and Ed Bohling, defendant in error, and present owner of the machinery, subject to said mortgage. The said contract is dated November 22, 1923, and is as follows:

"That whereas, C. B. Gaunt is the owner of one shovel or drag line now located about three miles northwest of Oolagah, Okla., being the shovel or drag line described in Matthews Bros.' contract with the Gunther City Coal & Mining Company, dated July 13, 1922, and the said party of the second part is negotiating for the purchase of said shovel or drag line and the said first party now holds a mortgage on said shovel or drag line in the sum of $3,500, now therefore, the said party of the first part for and in consideration of the conditions, stipulations and considerations herein set out, hereby agrees to carry said mortgage and the note or notes secured thereby and that they, the said note or notes, may be paid off as follows: Regardless of the time when any note or notes secured by said mortgage are due, the said first party hereby agrees to give the second party 60 days from the date the said shovel or drag line is moved back onto the mines of the Gunther City Coke, Coal & Mining Company's mines in which to make the first payment, and that the said payments shall be $500 per month, the first made as above stated, until the said $3,500 and interest is paid, said first party paying off any additional amount that may be required in order to make up the $3,500 in case any is necessary, but said second party shall have the right to pay more than $500 if he so desires, and the said first party herein is to remain on and operate said shovel or drag line at least until the amount above stated shall be paid him, and for his services in operating said shovel or drag line and doing whatever other services that are necessary to keep said shovel or drag line running successfully he is to receive $15 per day of 12 hours straight time, and is to have house rent where he lives now free and back rent due on said house shall be waived, in other words, considered settled, and shall also have his coal free. The interest to be paid by second party on the note or notes above referred to shall commence to run at the time the said shovel or drag line is moved on to the mines of the Gunther City Coal & Mining Company. If the said second party shall fail to make payments according to this agreement, then the entire amount becomes due, and time is the essence of this contract. The payments to be made, may be made at the bank of Oolagah, Okla., or direct to the first party."

The defendant in error is the owner of the property under C. B. Gaunt, and the plaintiff in error is the owner of the mortgage by assignment of the mortgagee.

The defendant, Byron McDonald, went to work under this contract and worked for plaintiff until he had earned under his per diem the sum of $795, according to his own pleading, and $690, according to the pleading of the plaintiff, Bohling. Of this sum, whichever is correct, only $125 was paid. The first $500 installment provided under the contract was paid and the second had not yet become due when McDonald quit work because he could not collect his per diem. There is no provision in the contract when this sum is payable, but Adams, attorney for Bohling, who drew the contract, testified that payments were to be made every two weeks. In any event, the payment of these wages could not be postponed

until the maturity of the contract. Section 7258, Comp. Okla. Stat. 1921, provides:

"Every corporation, association, company, firm or person in the state, engaged in mining coal, ore or other minerals or quarrying stone, or in manufacturing iron, steel, lumber, staves, headings for barrels, brick, tile and tile machinery, agricultural or mechanical implements or any article of merchandise. shall pay each employe of such corporation. association. company, firm or person, if demanded, at least twice each calendar month, the amount due such employe for labor, and such payment shall be in lawful money of the United States, and the employe shall not be deemed to have waived any right or rights herein mentioned because of any contract to the contrary."

This section was in force at the time of the execution of this contract and the parties under the law must have contracted with reference thereto and with full knowledge of its provisions.

The defendant in error in his brief contents himself with moving to dismiss this action on the theory that there was no action pending in the trial court which would permit of the filing of a cross-petition for foreclosure. This position is not tenable.

Where a court of equity has taken jurisdiction of a controversy, all matters and things with reference thereto between the parties, either in law or equity, will be heard and determined. De Roberts v. Town of Cross, 23 Okla. 888, 101 Pac. 1114; Cook v. Warner, 41 Okla. 781, 140 Pac. 424; Ball v. White, 50 Okla. 429, 150 Pac. 901; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Tidal Oil Company v. Roelfs, 77 Okla. 183, 187 Pac. 486; Chastain v. Smith, 77 Okla. 188, 187 Pac. 802; Murray v. Speed, 54 Okla. 31, 153 Pac. 181; Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703; Probst v. Bearman, 76 Okla. 71, 183 Pac. 886.

The court, having secured jurisdiction by the injunction proceedings, could adjudicate any matter with reference thereto between the parties, either legal or equitable.

The defendant in error cites the case of Malaski v. Farris, 93 Okla. 81, 219 Pac. 323, as sustaining his contention, but the only matter decided there was that an appeal will be dismissed when the order appealed from does not show to have been entered in the journal of the trial court. The order appealed from here does show to have been so entered. (See C. M., p. 126.) Further, this case has been overruled in the case of Illinois Bankers Life Ass'n v. Davaney, 102 Okla. 302, 226 Pac. 101.

Notwithstanding the defendant in error has failed to brief the only matter in controversy here, we have gone into the entire record to see if there was any theory upon which the order of the trial court can be sustained. We find none. The mortgage under its original provisions was in default. The notes were all past due and payable. The defendant in error can claim no benefits nor exemptions under the contract of November 22, 1923, for the reason that he has breached it. The plaintiff in error in this case has shown that the condition of the mortgage has been broken; that the rents and profits of the machine are being taken by the defendant in error; that a skilled workman was under contract to operate the machine; that he has not been able to collect even the agreed compensation for his labor; that the default and breach was wholly on the part of the defendant in error.

Under the plain provisions of article 19, ch. 3, Comp. Okla. Stat. 1921, the plaintiff in error was entitled to the appointment of a receiver, and the refusal of the trial court to appoint such receiver was an abuse of discretion. Skelly Oil Co. v. Globe Oil Co., 82 Okla. 214, 200 Pac. 537.

The order of the district court of Rogers county will, therefore, be reversed, with instructions to appoint a receiver in accordance with the prayer of the defendant in error.

JOHNSON, C. J., and NICHOLSON, BRANSON, and GORDON, JJ., concur.