## ANGLO-AMERICAN ROYALTIES CORPORATION v. BRENTNALL.

No. 21735.   Feb. 6, 1934.

N. E. McNeill, for plaintiff in error.

Harry O. Glasser and Otjen, Wilson & Carter, for defendant in error.

WELCH, J.   This is an appeal from an order of the district court of Garfield county, refusing to vacate its former order appointing a receiver for the properties of the Anglo-American Royalties Corporation pending litigation. The parties will be referred to as they appeared in the trial court, where Ida M. Brentnall was plaintiff and the Anglo-American Royalties Corporation was defendant.

Upon filing suit the plaintiff sought receivership of the defendant's properties, pending final trial of the cause, for preservation of such properties, and to guard against improper handling of or disposition of the properties.

A hearing was held and a receiver was appointed to continue until the further or final order of the court. The defendant filed motion to vacate the order appointing receiver. Hearings were held, and all parties appearing, evidence was heard and the motion to vacate the appointment of receiver was denied.

The defendant appeals and for reversal presents three propositions: (1) That the district court in this action had no jurisdiction to appoint a receiver for a foreign corporation upon petition of a stockholder to wind up the business and distribute the assets. (2) The plaintiff's petition fails to state a cause of action for receivership. (3) There is no evidence to justify the appointment of a receiver.

To determine these questions we must note the nature of the action and plaintiff's allegations, and the evidence offered.

The plaintiff's petition alleges that the defendant, by false and fraudulent misrepresentations as to corporate property and income, sold plaintiff stock in the defendant corporation to the extent of several thousand dollars; that at that time the defend-

ant corporation was in fact insolvent, and the stock of but little value; that large sums were received for stock sold, but such sums were not passed to the treasury of the defendant corporation, but were misappropriated to and divided among various officers of the croporation; that the corporation was formed and the stock sold to plaintiff and others, all as a part of a wholly fraudulent, wildcat, blue-sky proposition. There were various allegations of specific acts and fraudulent statements and representations, and specific instances of mismanagement of the affairs of the corporation, that is, mismanagement so far as concerned the interests of the minority stockholders. It would serve no useful purpose to refer to these matters in further detail. The plaintiff alleged the continuing insolvency of the corporation, and that there was danger of the complete dissipation of the property of the corporation, and pleaded the necessity for receivership pending trial of the cause, and that, on final trial, by reason of the fraud alleged, and the insolvency and gross mismanagement and diversion of corporate funds to individual officers, plaintiff have all proper legal and equitable relief, and liquidation and dissolution of the corporation and distribution of the assets. The defendant was a Delaware corporation, but, so far as the evidence shows, most of its business was transacted in and about Enid and Tulsa, in Oklahoma. Under these circumstances, and upon proof thereof, as the record here discloses, there is no question of the jurisdiction of the district court to appoint a receiver. In Riverside Oil & Refining Co. v. Lynch, 114 Okla. 198, 243 P. 967, this court considered the jurisdiction of a district court to appoint a receiver for a Delaware corporation, and held in syllabus par. 3.

"Where, in an action by minority stockholders in behalf of the corporation against its officers, and those in charge of said corporation who had converted its assets to their own use and benefit and had unlawfully issued stock and had intermingled the funds of said corporation with their own in such a way that the exact amount of money on hand belonging to said corporation could not be determined, thereby destroying the value of the stock of the corporation, a court of equity will appoint a receiver of the corporation, because otherwise the rights of the minority stockholders could not be protected."

See, also, Tulsa Torpedo Co. v. Kennedy, 131 Okla. 159, 268 P. 205, and Union State Bank of Shawnee v. Mueller. 68 Okla. 152, 172 P. 650, where it was held in syllabus par. 3:

"Where the property of a corporation is being mismanaged or is in danger of being lost to the stockholders through mismanagement, collusion, or fraud of/its officers and directors, a court of equity has the inherent power to appoint a receiver for the property of such corporation, and to require its officers to make an accounting upon petition of the minority stockholders therefor."

The defendant urges that the trial court has no authority to accomplish final dissolution of the Delaware corporation. That question is not now before us. The trial court had jurisdiction, upon proper allegations and showing, to appoint a receiver for the properties in Oklahoma, of the defendant corporation, to hold and preserve the properties pending final trial of the cause. The petition sufficiently alleged insolvency, mismanagement, fraud, diversion of corporate funds to individual officers, and danger of complete dissipation of the property and disposal of the same to the prejudice of the interest of investing stockholders. The trial court found that the plaintiff's allegations were established by the evidence. The court's findings contain pointed and forceful reference to the fraud and mismanagement shown, and to the insolvency and to, the necessity for receivership. The record of the evidence is voluminous. It thoroughly sustains the findings of the trial court. Some details were not clearly shown, due to the fact that plaintiff did not have the books of the defendant corporation, nor could the defendant corporation present some of its books because they were being forcibly held by disputing officers or creditors of the corporation. But it was shown such books could be had by a receiver with a court order of delivery.

The trial court is clothed with judicial discretion in the appointment of a receiver. He should further consider, and himself review, the matter on a motion to vacate his former order appointing a receiver. This, the trial court did, and denied the motion to vacate. On appeal the burden is on the defendant to show the error in the action of the trial court. The defendant presents his attack upon three grounds, but they are not sustained. In this case the trial court had jurisdiction to appoint a receiver, the allegations and proof were sufficient to justify and sustain the appointment of a receiver, and the action of the trial court in denying the defendant's motion to vacate the appointment of receiver is affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, and BUSBY, JJ., concur.