**MITCHELL et al. v. MURPHY.**

No. 24925. April 2, 1935.

R. S. Howe, for plaintiffs in error.

Murphy & Colley, for defendant in error.

PER CURIAM. This is an action between Jessie L. Murphy, plaintiff below, and W. E. Mitchell and Grace Mitchell, defendants below, for the accounting and dissolution of a partnership and for the appointment of a receiver pendente lite. The parties will be referred to as they appeared in the trial court.

The cause was submitted to the trial court upon the petition of the plaintiff, wherein she alleged that she and the defendants entered into a partnership agreement under the name of the Oak Cliff Night Club for the purpose of operating a night club on East Sixty-Third street in Oklahoma City, the profits to be divided, one-half to the plaintiff and one-half to defendants, and the partnership property to be owned on the same basis, each of the partners providing either cash or property to the business. Notice was regularly served upon the defendants, that the plaintiff's application for the appointment of a receiver would be heard on a day certain, at which time all of the parties appeared. The trial court overruled a motion to dismiss of the defendants, the same having been urged that the court had no jurisdiction. Both sides having announced ready for trial, the plaintiff introduced testimony in support of her application for the appointment of a receiver to the effect that the parties entered into a written partnership agreement to operate a night club; that the defendants did not account for profits taken; that the defendants refused to permit the plaintiff to come upon the partnership premises by means of threats of bodily harm, and by force expelled the plaintiff from the place of business.

The trial court found these issues in favor of the plaintiff, and accordingly appointed a receiver to take charge of the partnership business under the orders and directions of the court. The defendants after the appointment of said receiver filed their application to vacate said receivership, which motion to vacate was overruled, and from this action of the trial court in refusing to vacate said appointment, this appeal has been lodged.

Although the defendants make many assignments of error, they urge only two to this court: First, that the trial court did not have jurisdiction; and, second, that the trial court erred in overruling the demurrer to the plaintiff's evidence.

We have carefully read the briefs of the parties in connection with this appeal, and in order to properly review the case have read the entire testimony, together with the pleadings. There was ample proof upon which the court could rely for the appointment of said receiver. It is apparent that the partners were having difficulties; that two of the partners were refusing the other the right to come upon the premises and had used force in the expulsion of the plaintiff from the place of business. The business was in a state of chaos—the defendants claiming and assuming complete control, charge, and conduct of the business to the exclusion of the plaintiff. This in itself was sufficient to justify the court in appointing a receiver.

This court has held, in reviewing the action of a trial court appointing a receiver for a partnership:

"The appointment of a receiver pendente lite is to a considerable extent addressed to the sound discretion of the court to which the application is made, to be governed by the consideration of the entire circumstances of the case. The action of the court in appointing a receiver will not be reversed on appeal, unless there has been a clear abuse of its discretion." Moran v. Park, 93 Okla. 201, 220 P. 589.

Courts of equity are designed with machinery to give relief in conditions such as these partners found themselves involved.

Section 773, O. S. 1931, provides for an appointment of a receiver under the first subdivision upon application of any party whose interest is probable, and where it is shown that the property is in danger of be-

ing lost, removed, or materially injured; subdivision 6, "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." Thompson on Corporations (2d Ed.) 1150; McDonald v. Bohling, 102 Okla. 243, 228 P. 783.

The appointment of a receiver under chapter 3, article 11, O. S. 1931, is a matter within the sound discretion of the trial court, and the order appointing or refusing to appoint such receiver will not be disturbed unless an abuse of the discretion is shown. Tulsa. Torpedo Co. v. Kennedy, 131 Okla. 159, 268 P. 205.

There is a provision in the articles of copartnership that requires all matters to be submitted to arbitrators in the event of a disagreement in the following language:

"* * * Any dispute or difference shall arise between them, as to the construction of these articles, or any accounts to be settled in pursuance thereof, or the terms and manner of dissolution of said partnership, or anything relating thereto, or arising out of the acts or omissions of either party to this agreement, * * * all such matters of difference or controversy shall be submitted * * * to three arbitrators."

Courts of equity cannot be disrobed or ousted of their jurisdiction by agreements of partners to submit general differences to arbitration, although it is recognized that an agreement to arbitrate a certain question, such as the value of a particular work, the amount of loss or damage, quantity, quality, price of materials or workmanship, should be a condition precedent to right of action on the contract itself.

The general law with respect to ousting jurisdiction of the court by agreement is stated in 5 C. J., p. 20, section 7:

"* * * Parties will not be permitted, by agreement to submit to arbitration, to oust the jurisdiction of the courts, whether the agreement relates to existing differences or to those which may arise in the future. In other words, the courts may disregard such agreements, assume jurisdiction, and determine the matters in dispute which constitute the subject-matter of the agreements, on the principle that the parties cannot deprive themselves of the right to resort to the proper legal tribunals for the submission of their controversies. * * *"

A general agreement to submit controversies to arbitration does not oust the courts of jurisdiction over such controversies. Haskell v. McClintic-Marshall Co., 289 F. 405; Headley v. Aetna Insurance Company, 202 Ala. 384, 80 So. 466; Imperial Motorcar Co. v. Skinner, 16 Ala. App. 443, 78 So. 641; Tomlinson v. Dille, 147 Md. 161, 127 A. 746; Mecartney v. Guardian Trust Co., 274 Mo. 224, 202 S. W. 1131.

No fault is found with the cases cited by the defendants on the question of arbitration except that they are not applicable to the state of facts involved in this appeal.

We fail to see where the trial court abused its discretion in refusing to vacate the appointment. The defendants complained of the fact that they were not permitted to offer testimony in support of their motion to vacate. This is immaterial for the reason that the defendants submitted fully their testimony at the hearing of the application for the appointment of said receiver.

We are without a statute which provides for an arbitration. The common law of arbitration, therefore, prevails in this state, and our courts favor the same. Burke Grain Co. v. Stinchcomb, 70 Okla. 89, 173 P. 204; Deal v. Thompson, 51 Okla. 256, 151 P. 856.

The question presented in this appeal is new to this court. A review of the decisions in this state on the subject does not disclose that it has been passed on before. The great weight of authority from other jurisdictions is in accord with our view of the law.

The action of the trial is affirmed.

The Supreme Court acknowledges the aid of Attorneys Donald L. Brown, Charles R. Bostick, and M. A. Breckenridge in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brown and approved by Mr. Bostick and Mr. Breckenridge, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.