**BOYNTON GAS & ELECTRIC CO. et al. v. MOSIER, Adm'x.**

No. 26912.    Feb. 23, 1937.

Harry G. Davis and Thomas J. Wiley, for plaintiffs in error.

W. R. Banker, for defendant in error.

PER CURIAM. This case comes here on appeal from an order of the district court of Muskogee county, appointing a receiver, pendente lite, for the business and affairs of the Boynton Gas & Electric Company, a public utility corporation; and the parties will be referred to herein as they appear in the trial court.

The record shows that this company was originally organized and operated by one John M. Mosier, who died in the year 1928; and after his death, all of the stock of said corporation appears to have been owned by his widow and three sons. One of the sons, D. T. Mosier, who owned 11 shares of stock in said corporation, died in October, 1932; after which time the company was controlled and operated by Ralph L. Mosier, son of John M. Mosier, and his mother, M. L. Mosier, both of whom were made parties defendant to the action.

The suit was filed by Evelyn B. Mosier, as administratrix of the estate of D. T. Mosier, deceased, who charged fraud and mismanagement of said corporation by the defendants Ralph L. Mosier and his mother, M. L. Mosier; and that they had wrongfully and illegally converted funds in excess of $5,000 belonging to said corporation to their own use and benefit. The primary object of the suit was to require an accounting by these managing officers and the restitution by them of the funds al'eged to have been illegally taken from the corporation.

At the hearing upon plaintiff's application for appointment of a receiver, pendente lite, for the defendant corporation, the plaintiff called the defendant Ralph L. Mosier as witness in her beha'f, who gave evidence as to the operation of said corporation and its financial condition. His testimony tends to establish two things, namely, that the company was being mismanaged and poorly operated, and that it was probably insolvent. And while his testimony, with respect to various financial transactions of the company and the disposition of its revenues, was very unsatisfactory, yet we cannot say that any fraud was shown on the part of those in charge of the business and affairs of said corporation.

At the conclusion of plaintiff's evidence, the defendants demurred thereto, which demurrer was overruled by the court. The defendants then elected to stand on their demurrer and declined to offer any evidence in opposition to the application for the appointment of a receiver; whereupon, the court granted plaintiff's application and appointed a receiver, pendente lite, for the properties of said corporation.

The defendants present, for a reversal of the trial court, a single proposition, to wit:

"The record shows that the indebtedness of the Boynton Gas & Electric Company is in excess of the value of the property of said corporation. That, under such circumstances, the record shows that the action of the court in appointing a receiver was contrary to the great weight of the evidence and the court erred in refusing to vacate said appointment."

Their sole contention seems to be that said corporation was insolvent, and that a court of equity was therefore without authority of law to appoint a receiver for such corporation at the suit of a minority stockho'der thereof, since there would be nothing left for such stockholder after the payment of the corporate debts; and that the plaintiff was therefore without sufficient interest to maintain an action for the appointment of a receiver of said corporation.

The rule contended for by defendants is very clearly stated by the United States Circuit Court of Appeals for the Ninth Circuit in the case of Gila Water Co. v. Whitbeck, 29 F. (2d) 175, as follows:

"Insolvency of corporation does not ordinarily constitute independent ground for the appointment of a receiver at the instance of a stockholder, if by insolvency is meant bankruptcy, since in such case the stockholder is without substantial interest."

We find no fault with the authorities cited by defendants, but they are not controlling here, for the reason that insolvency of the defendant corporation was not the only ground relied upon for the appointment of a receiver of its assets. Moreover, it appears that the claim asserted by the plaintiff on behalf of said corporation against the managing officers thereof for the return to it of more than $5,000, al'eged to have been wrongfully taken from said corporation, does not appear to have been taken into account in determining its solvency or insolvency. And it further appears that the company would not be insolvent in the event it should recover the $5,000 or more de-

manded by the plaintiff on its behalf as against the managing officers of said corporation.

In passing upon the questions presented here, there are certain rules by which this court must be guided, which will now be noted. In State ex rel. Barnett, Bank Com'r, v. Creek Realty Co., 167 Okla. 319, 30 P. (2d) 160, this court said:

"The appointment of a receiver or refusal to appoint is addressed to the sound legal discretion of the court, which must be viewed from all the facts and circumstances presented by the record."

Also, in McDonald v. Bohling, 102 Okla. 243, 228 P. 783, in the first paragraph of the syllabus, we said:

"The appointment of a receiver, under article 19, chapter 3, Comp. Okla. Stat. 1921, is a matter within the sound discretion of the trial court, and an order appointing or refusing to appoint such receiver will not be disturbed, unless an abuse of discretion is shown."

See, also, Exchange Bank v. Bailey, 29 Okla. 246, 116 P. 812, and White v. Tullahassee Realty Co., 82 Okla. 75, 196 P. 584.

Under the doctrine of these cases, we are not at liberty to reverse the order of the trial court in appointing a receiver, pendente lite, unless we should find that said court abused its sound judicial discretion. A careful examination of the entire record does not show any such abuse. On the contrary, it shows that the assets of the defendant corporation were being rapidly dissipated and that its physical properties were being traded and mortgaged to secure an adequate gas supply for distribution to its customers.

We think that the rule applied by the Missouri court in the case of State ex rel. Connors v. Shelton, Judge, 238 Mo. 281, 142 S. W. 417, more nearly fits the case at bar than the cases cited by defendants. There, the Missouri court said:

"A court of equity has the power to appoint a receiver on petition of stockholders, where the corporation is insolvent, and the directors are misappropriating its funds."

The facts in this case are somewhat similar to those in the case of Anglo-American Royalties Corporation v. Brentnall, 167 Okla. 305, 29 P. (2d) 120, where the following rule was laid down in the syllabus:

"Where, upon verified allegation and satisfactory proof on judicial hearing of application, it appears that a corporation is being mismanaged and its property in danger of being lost to the stockholders through mismanagement, collusion, or fraud of its officers and directors, or through diversion of corporate property to individual officers, a court of equity has the inherent power to appoint a receiver for the property of such corporation, to preserve the property of the corporation in this state, pending determination of an action instituted by a minority stockholder for fraud, mismanagement, and diversion of funds by officers of the corporation."

In the body of the opinion, the court, speaking through Mr. Justice Welch, said:

"The plaintiff's petition alleges that the defendant, by false and fradulent misrepresentations as to corporate property and income, sold plaintiff stock in the defendant corporation to the extent of several thousand dollars; that at that time the defendant corporation was in fact insolvent, and the stock of but little value; that large sums were received for stock sold, but such sums were not passed to the treasury of the defendant corporation, but were misappropriated to and divided among various officers of the corporation; that the corporation was formed and the stock sold to plaintiff and others, all as a part of a wholly fraudulent, wildcat, blue-sky proposition. There were various allegations of specific acts and fraudulent statements and representations, and specific instances of mismanagement of the affairs of the corporation, that is, mismanagement so far as concerned the interests of the minority stockholders. It would serve no useful purpose to refer to these matters in further detail. The plaintiff alleged the continuing insolvency of the corporation, and that there was danger of the complete dissipation of the property of the corporation, and pleaded the necessity for receivership pending trial of the cause, and that on final trial, by reason of the fraud alleged, and the insolvency and gross mismanagement and diversion of corporate funds to individual officers, that plaintiff have all proper legal and equitable relief, and liquidation and dissolution of the corporation and distribution of the assets. The defendant was a Delaware corporation, but so far as the evidence shows, most of its business was transacted in and about Enid and Tulsa, in Oklahoma. Under these circumstances, and upon proof thereof as the record here discloses, there is no question of the jurisdiction of the district court to appoint a receiver."

There is another ground upon which the interest of the plaintiff to sustain an application for the appointment of a receiver may be predicated.

Section 9910, O. S. 1931, reads as follows:

"Corporations for mining, manufacturing and other industrial pursuits may be formed as provided in this article; and such corporations have all the rights, and are sub-

ject to all the duties, restrictions, and liabilities therein mentioned, so far as the same apply or relate to such corporations, but the term of existence of any such corporation shall not exceed twenty years."

Section 9913, O. S. 1931, provides that:

"The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen and laborers employed by such corporation, which said liability may be enforced against any stockholder by an action at any time after an execution against such corporation shall be returned not satisfied; Provided, that such action be commenced within four months; Provided, further, that if any stockholder shall be compelled by any such action to pay the debts of any creditors, or any part thereof, he shall have the right to call upon all the stockholders to contribute their part of the sum so paid by him as aforesaid, and may sue them jointly or severally, or any number of them, and recover in such action the ratable amount due from the person or persons so sued."

Under the allegations of plaintiff's petition and the evidence submitted, as measured by the provisions of these statutes, it is not difficult to conceive a situation whereby the plaintiff might be called upon to pay wages due workmen employed by the defendant corporation, on account of its inability to do so. Respectable authority holds this a sufficient ground for the appointment of a receiver of an insolvent corporation, at the suit of a minority stockholder thereof.

The author of Tardy's Smith on Receivers (2d Ed.) vol. 1, page 728, lays down the following rule:

"The appointment of a receiver at the instance of a stockholder is justified under the various circumstances above mentioned even though the corporation is solvent. Insolvency is, however, often the controlling circumstance that points to the propriety of a receivership. In such a situation there is usually a creditor ready or easily persuaded to take the initiative and there are but few instances in which stockholders have asked for a receiver on this ground. If a receiver's management is likely to be the most successful method of handling a corporation's assets, a stockholder is entitled to this remedy in case of an insolvent corporation both for the purpose of saving as much as possible of his investment or of reducing as much as possible his liability to creditors on unpaid stock subscriptions or under the provisions of a double liability law."

In view of what has been said, we conclude that the order of the trial court appealed from should be, and the same is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys Stephen A. George, William G. Davisson, and Earl Q. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. George and approved by Mr. Davisson and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.