## LEE et al. v. FARMERS CO-OPERATIVE ASS'N OF MOUNTAIN VIEW et al.

No. 29840.   April 29, 1941.

Rehearing Denied May 20, 1941.

*113 P. 2d 391.*

Thomas A. Edwards and Charles Edwards, both of Cordell, for plaintiffs in error.

R. Place Montgomery, of Hobart, for defendants in error.

HURST, J. Plaintiff Lee and others sought in this action to have a receiver appointed for the defendant the Farmers Co-operative Association and to liquidate and dissolve it. As against the individual defendants, plaintiffs prayed that they be required to give plaintiffs or their representatives access to all the books and records of the corporation, that they be required to call a stockholders' meeting for the purpose of electing a board of directors of the corporation, and that they be enjoined from paying dividends to nonstockholder patrons of the corporation, or from selling or giving away any of its corporate stock, or transferring on the corporate records any stock acquired by it. From a judgment denying any of the relief sought, plaintiffs appeal.

Plaintiffs make two contentions: (1) That a receiver should be appointed for a corporation where oppression, discrimination, or gross mismanagement is shown; and (2) that the board of directors of a co-operative corporation may not apportion any of the earnings and profits to nonmembers unless the by-laws so provide.

1. Under their first contention plaintiffs list various acts of the directors which they contend were discriminatory, arbitrary, and oppressive. They say that the corporation paid more to some of its members for stock than it did to others; that it bought four shares of stock from its manager, although it notified its stockholders that only two shares would be bought from one person; that it paid a cash dividend to persons owning two or more shares of stock, but refused to pay a cash dividend to persons owning less than that amount; that it refused to call a special stockholders' meeting on petition of more than the necessary number of stockholders, and that on one occasion the chairman arbitrarily declared a quorum present at a stockholders' meeting when the number present was not sufficient to constitute a quorum. An examination of the evidence shows that these charges were in almost every instance explained or controverted by the evidence produced by defendants. Thus it was shown that the manager, after selling two shares of stock to the corporation at the current price, was permitted to apply two other shares upon the purchase price of an old cultivator which the corporation had been unable to sell. The charge that it had paid less than the quoted price for one or two shares of stock was explained by evidence that the holder offered to sell for less than the quoted figure, and the

manager of the corporation effected a sale at that price to another member. At the stockholders' meeting at which plaintiffs charge that the directors were elected when there was no quorum present, the evidence showed that the old directors were re-elected, and as the by-laws provided that the directors should hold office until their successors were elected, the result was the same as if no election had been held. The call for the special meeting was not shown to have been filed with the corporation at least 15 days before the requested date of meeting, as provided in the by-laws, nor was it made for any purpose provided in the by-laws. The corporation, under advice of counsel, refused to call such meeting, and no further action was taken to enforce the demand.

Passing the question of whether these derelictions, if such they may be termed, were, if sustained by the evidence, sufficient to justify the drastic relief which plaintiffs sought, we think the evidence did not sustain them. The judgment of the trial court that the showing made was not sufficient to justify the appointment of a receiver was not clearly against the weight of the evidence.

2. Plaintiffs' second contention, that while it appears beyond question that in January, 1936, at a meeting the regularity and legality of which is unquestioned, the stockholders of the corporation amended its by-laws to provide "that the directors may, at their discretion, credit to nonstockholders their prorata part of the surplus dividends on certificates of stock, until such dividends amount to the par value of one or more shares of stock," such amendment was not properly incorporated in the by-laws so as to become operative, and that the actions of the directors in carrying out such amendment were unauthorized and illegal.

Section 9757, O. S. 1931, 18 O. S. A., § 93, provides that "whenever any amendment or new by-law is adopted it shall be copied in the book of by-laws with the original by-laws, . . . and shall not take effect until so copied." The evidence discloses that the amendment above quoted was a part of a page of printed matter, and was delivered to the then secretary, who testified that by inadvertence or oversight he failed to copy it into the by-laws. The records of the corporation show that shortly after the stockholders' meeting at which the amendment was adopted the directors met and passed a resolution that the corporation credit nonstockholders with patronage dividends as provided in such amendment. The evidence shows no fraud or concealment on the part of the corporation officers and directors, nor does it show that the assets of the corporation were depreciated, or that any loss was sustained by it, by reason of the actions of the directors. Nor is it shown that any of them profited thereby at the expense of the corporation or its stockholders. There is no charge or showing of insolvency. While it is true that the by-law did not become effective by reason of the failure to copy the same into the book of by-laws, as required by section 9757, yet it appears that the change in the policy of the corporation was generally known, and no action was taken by plaintiffs to restrain the carrying out of such policy or to remove the directors. Between the adoption of the policy and the commencement of this action the financial condition of the company greatly improved, and its present financial condition is shown to be excellent.

This court has held that where a corporation is being mismanaged and its property is in danger of being lost to stockholders by reason of mismanagement, collusion, or fraud of directors or officers, a court of equity may, in its discretion, appoint a receiver. Anglo-American Royalties Corporation v. Brentnall, 167 Okla. 305, 29 P. 2d 120. But no such mismanagement is disclosed by the record in this case. The grievance of plaintiffs appears to be that the distribution of dividends to nonstockholders, under the amendment to the by-laws, has operated to deprive them of a part of the dividends they would otherwise have received. If such

is the case, they have an adequate remedy at law. The appointment of a receiver rests in the sound judicial discretion of the trial court, and its judgment will not be disturbed on appeal unless an abuse of discretion is shown. Tulsa Torpedo Co. v. Kennedy, 131 Okla. 159, 268 P. 205. The record in the present case reflects no such showing.

Affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS and ARNOLD, JJ., concur.