[Weir y. Long.]

# Weir *v.* Long.

*Assumpsit.*

[Decided Jan. 17, 1906, 39 So. Rep. 974.]

1. *Sales; Consignment; Evidence.*—When the issue is whether
   there was a sale of goods, or a consignment for sale, it is
   competent to show by the bookkeeper of defendant, who is
   shown to have written the order in question, and to have
   known of other thansactions between the parties, that he did
   not know the goods were brought on consignment, and also
   that all orders between the parties for the particular class
   of goods had been paid before maturity.
2. *Evidence; Contracts; Sales; Parol Testimony.*—A written order
   for the purchase of goods, which shows that it is a part of a
   continuing transaction, is not such a definite written contract
   that parol evidence cannot be introduced to explain or vary it.
3. *Contracts; Interpretation; Intent.*—When a contract is unam-
   biguous in its terms, its construction is a question of law
   for the court, but where its provisions must be interpreted
   in the light of surrounding circumstances, the intent of the
   parties is a question for the jury.

APPEAL from Henry Circuit Court.

Heard before Hon. A. H. ALSTON.

This was an action on the common counts brought by
appellant against appellee. The defenses pleaded were,
general issue, failure of consideration, want of considera-
tion, and that the goods for which the suit
was brought were brought upon consignment,
that such as had been sold were paid for, and that the
others were tendered to the plaintiff before suit brought.
There was objection to the testimony of the witness
Stokes, shown to have been the bookkeeper of defendant,
that all orders shipped from appellant to appellee prior
to April 12th, 1902, had been paid for before the ma-
turity thereof, which objection the court sustained.
There was also objection to his testifying that he was
bookkeeper for Long at that time and did not know that
any orders from the plaintiff were shipped on consign-

[Weir v. Long.]

ment or commission. This objection was also sustained. The defendant testifying in his own behalf said that the first goods he bought of appellant were bought through the saleman, Mr. Kimball, and on consignment or commission. Objection to this testimony was overruled. In the oral charge the court said "In a consideration of this case the jury might look to the fact that defendant bought the first or original order from the plaintiff through their agent or salesman, and if said first original order was brought upon consignment, they might look to that fact in making up their verdict as to whether or not the last order, which is the basis of this suit, was sold to the defendant upon consignment, and if the goods were so sold it would be their duty to find their verdict in favor of the defendant. There was verdict and judgment for the defendant, and the plaintiff appeals.

B. B. HAYES and W. L. MARTIN, for appellant.—The contract was in writing and it was the court's duty to construe it. In leaving it to the jury to determine whether it was the intention of the parties that the goods should be on consignment, or whether a straight sale, the appellant was deprived of a substantial right.—1 Brickell Digest, p. 428; 3 Ib. p. 147; 1 Ib. pp. 871, 870, 865. The court erred in its oral charge to the jury.—24 A. & E. Enc. Law (2 ed.) p. 1026.

W. L. LEE and WM. C. OATES. for appellee.—(No briefs came to the reporter, except on the question of striking bill of exceptions.)

SIMPSON, J.—The action in this case was brought by the appellant (plaintiff) to recover for certain goods claimed to have been sold to the appellee (defendant.) The defense made was that the goods were not sold to the defendant, but were shipped to him to be sold on consignment.

The first assignment of error is well taken. The witness Stokes having been shown to have been in the employment of defendant, having written the order in question, and having had connection with other transactions

between plaintiff and defendant, it was a proper circumstance to go before the jury, in making up their verdict in this case, that said witness did not know that any goods had been bought on commission.

Referring to the second assignment of error, as the contract in this case had to be interpreted in the light of previous dealings between the parties, the court should not have excluded from the jury the testimony in regard to the payment of previous bills.

The contention of plaintiff in the third assignment is that the written order for goods is a definite contract of sale and that parol testimony cannot be introduced to vary it. The instrument itself shows this to be part of a continuing transaction. It commences by referring to the fact that the writer has not been able to sell much theretofore, but thinks he will do better in the future. This sounds more like the report of a factor making excuse for small sales than a statement of one who had purchased goods and paid for them. He then goes on to say: "You may ship me at once, two thousand more pounds of white lead, etc. Ship it at once, and, if you possibly can, make it to me at five cents." Whatever may be said of this writing, standing alone, it certainly does not clearly establish a contract of sale. While it is true that where the question has come up between attaching creditors and the consignors of goods, there are decisions to the effect that, if the consignee was to pay a stipulated price for them and sell at such price as he pleased, it would be a contract of sale; but as between consignor and consignee there is no doubt that an agreement may be made by which goods may be received on consignment, to be accounted for at a certain price and sold by the consignee at such advanced price as he may choose. It is common knowledge that this is not an unusual transaction in the business world. This instrument does not in terms propose to purchase the goods, but shows a willingness to receive them, whether they are made to him at five cents or more, so that, in order to a proper understanding of the meaning of this writing, it is necessary to take into consideration the surrounding circumstances and prior transactions. "If there be ambiguity in the

contract, resort may be had to the situation of the parties and the circumstances under which it was entered into, for the purpose, not of changing the writing, but of furnishing the light by which to ascertain its actual significance."—*Walker v. Brown*, 165 U. S. 654, 668, 17 Sup. Ct. 453, 41 L. Ed. 865; *Oel Ricks v. Ford*, 23 How. 49, 63, 16 L. Ed. 534; 24 Am. & Eng. Ency. Law (2d Ed.) 1039; *Mobile Marine Dock, etc., Co. v. McMillan & Son*, 31 Ala. 711, 721. Hence there was no error in admitting evidence of the fact that the prior transactions had been on a consignment basis. This disposes of the third, fourth, and fifth assignments of error.

The sixth assignment of error is without merit. "Where the contract is unambiguous, its proper consideration is a question of law for the court; but, where its provisions must be interpreted in the light of surrounding circumstances, the intent of the parties is a question for the jury."—24 Am. & Eng. Ency. Law, (2d Ed.) 1039. There was no error in the refusal of the court to give the general charge in favor of the plaintiff. Authorities supra.

The charge referred to in the seventh assignment of error should not have been given. Nothing is said in it about the authority of Kimball to enter into a transaction such as is described, nor about the same being ratified by the plaintiff.

For the errors mentioned, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, DOWDELL, and ANDERSON, JJ., concur.