226 So.2d 661

Herman L. NICHOLSON

v.

JACKSON LIFE INSURANCE COMPANY.

8 Div. 316.

Supreme Court of Alabama.

Sept. 18, 1969.

Culver & Miller, Huntsville, for appellant.

Lanier, Shaver & Herring and John M. Heacock, Jr., Huntsville, for appellee.

PER CURIAM.

This appeal is to review a judgment of the Circuit Court of Madison County in the sum of $1,468.32 in favor of appellee and against appellant. The appeal is to the Court of Appeals of Alabama, but docketed in this court, which has jurisdiction. Title 13, §§ 86 and 96, Code 1940. A redocketing in the Court of Appeals and transfer to this court would be unnecessary procedure. We will retain jurisdiction.

The complaint has three counts which were submitted to the jury. Each count claims the sum of $1,468.32. Count Four as amended is on account, while the other two counts assert breach of a covenant in a general agent's contract and a general agent's financing agreement for advances by the appellee to appellant, after crediting commissions on the sale of life insurance. Both latter counts are essentially the same, but one is more in detail than the other.

The parties pleaded in short by consent the general issue, with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action, to have effect if so pleaded; and with leave of the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect if so pleaded. For the effect of pleas in short see Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; Johnston v. Isley, 240 Ala. 217, 198 So. 348; Emergency Aid Insurance Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335; Ala.Dig., Vol. 16, Pleading, ⬅ 383.

The trial court, at the conclusion of the trial, gave an affirmative charge with hypothesis in favor of the appellee. After the jury had deliberated for some time without reaching a verdict, the court recalled them, withdrew all prior charges, and gave a general affirmative charge without hypothesis (a directed verdict) for the appellee for the amount sued for. The jury responded to the direction of the court and returned a verdict for the appellee in the sum of $1,468.32, which is the amount claimed in each count.

It appears from the evidence that appellee and appellant entered into a written agreement on January 15, 1964, whereby appellant was to become the general agent of appellee in the sale of life insurance and kindred coverage. Appellee, pursuant to the terms of the contract, terminated the agreement on January 15, 1965. Incorporated in the agreement was Paragraph F, which reads as follows:

"Upon the termination of this contract, the General Agent agrees to pay the Company the amount by which all advances from the Company to the General Agent or other indebtedness exceeds the earned commissions which have been applied against such advances."

Attached to and made a part of the aforementioned agency contract was an agreement whereby appellee agreed "to advance the General Agent the sum of $400.00 per month for a period of twelve months, provided the General Agent shall have produced, issued, and paid for life insurance business, the annual premiums for which (regardless of the mode of payment) amount to not less than $_____

for the second month following the first advance and $_____ for the months thereafter * * *." Thereafter follows a schedule that sets forth the amount of annual premiums required to provide an advance of $100 per month. Proportionate adjustments were provided to be made for advance of larger or smaller amounts.

It was also provided that:

"The termination of the General Agent's contract of which this agreement forms a part shall automatically terminate this agreement, and in any event, this agreement shall terminate at the expiration of twelve months from the date of the first advance."

Then follows:

"Upon termination of this financing agreement, for any reason, whether with or without cause, the General Agent agrees to pay to the Company the amount of all advances which it has made on behalf of the General Agent, including, but not limited to, the amount by which the advances made by the Company to the General Agent under the terms of this agreement exceeds the earned commissions which have been applied against such advances."

As we understand appellant's argument, the omissions in the financing agreement as to the amount of premiums that the appellant shall have produced made the contract ambiguous, and that clarifying evidence as to conversations between the parties was admissible to clear up this ambiguity and thus determine what the parties had in mind or agreed to with respect to the contract, citing Olsson v. Nelson, 248 Ala. 441, 28 So.2d 186; Weir v. Long, 145 Ala. 328, 39 So. 974; Bishop on Contracts, § 370. This argument addresses itself to Assignments of Error 5, 6, 7, 11, 12 and 13, wherein the trial court refused to allow parol evidence to be introduced to show the circumstances under which the contracts were made, the relation of the parties, and what was within their mutual knowledge.

It is also appellant's contention that appellee breached the contracts of employment when it stopped paying the advances to appellant, as agreed by the contract. This contention is pointed to by Assignments of Error 8, 9, 14 and 15, citing Beck v. West et al., 87 Ala. 213, 6 So. 70.

It appears from the evidence without dispute that appellee advanced appellant the total sum of $1,800, with the last advance of $200 being made on May 28, 1964. Appellee then cut off further cash advances. As we view appellant's brief and argument, it is appellant's contention that the advances should have continued under the contract until January 15, 1965, and that appellee breached this agreement. This, appellant at the trial undertook to show as a defense to the suit for collection of the advances and other indebtedness after proper credits.

█ If we may assume, without deciding, that the evidence with respect to conversations between the parties might have been sufficient to show a breach and that appellant was entitled under the contract to advances in cash until January 15, 1965, when the contract terminated, we think that under the pleadings such continuation of advances was irrelevant and immaterial to the right of appellee to recover the amount sued for.

There was no insistence by appellant that he was entitled to damages incident to the failure of appellee to continue the advances until January 15, 1965. Beck v. West, *supra*.

The failure of appellee to continue the advances until January 15, 1965, if so obligated by the contract as appellant contends, would not preclude appellee from recovering judgment for such advances and other indebtedness, less credits and damages to appellant by way of setoff or recoupment if available under the plea in short. Paragraph F, *supra*, and the financing agreement which we have quoted, *supra*, so provide. Beck v. West, *supra*.

There is no forfeiture provision in the contract incident to a breach thereof by appellee that militates against appellee's right to recover for advances and other indebtedness, less proper credits.

■ Contrary to appellant's contention, we think the trial court did not err in directing a verdict for appellee. We observed in White v. State ex rel. Fowler, 262 Ala. 694, 698, 81 So.2d 267, that general rules are well established in this jurisdiction. We approved the following statement:

" 'When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument.

" 'But if the evidence is solely from witnesses on the side of the party holding the burden of proof, the affirmative instructions must be with hypothesis, such as "if the jury believe the evidence." This expressly submits to the jury the issue upon the credibility of the witnesses. The right to argue this issue obtains as in other cases. The rule is subject to the general right and duty of the court to confine the argument to that issue, and the legitimate matters going to the credibility of witnesses. Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Reed v. Rideout's Ambulance, 212 Ala. 428, 102 So. 906; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; Shipp v. Shelton, 193 Ala. 658, 69 So. 102.' Harris v. State, 215 Ala. 56, 58, 109 So. 291, 293.' "

Appellee introduced in evidence documentary Exhibits D and E, which reflected bookkeeping entries of debits and credits with respect to appellant's alleged indebtedness to appellee under the aforementioned contracts, which were introduced in evidence and marked Exhibit A. These documentary exhibits, D and E, show a balance comporting with the amount of the jury's verdict. A witness for appellee testified as to the correctness of the entries and of the balance due as shown by these exhibits. Appellant testified on cross-examination that he had seen the exhibits C, D and E and that he did not contradict or dispute any amounts in "those records." On re-direct examination he testified that he was not aware that the $2.00 was being charged to him for return of policies that were not delivered for some reason or another at the time. But he did not dispute the correctness of such charges. He let stand his former statement that he did not dispute the exhibits C, D and E.

We think that the testimony of appellant and appellee's witness affirms the correctness of the account and that there was no factual issue for the jury to decide. Neither was there any issue of credibility for the jury's consideration. There was nothing to argue. The only duty of the jury was to sign the verdict as the court directed. The office of the jury under such circumstances was perfunctory and formal only, that is, to sign the verdict as directed. White v. State, *supra*.

■ We lay aside appellant's assertion that the trial court erred in not qualifying the jury as to their interest in appellee's parent company (not designated), and in requiring appellant to strike from a list of jurors that did not have thereon the names of forty-seven people on the venire list. The court required the parties to strike from the first twenty-four names on the list of jurors. If there was error, which we do not decide, appellant was not prejudiced thereby. Supreme Court Rule 45, Title 7, Recompiled Code of Alabama 1958. The jury in signing the verdict was acting under the mandatory instructions of the trial court and had no discretion.

Appellant suffered no prejudice by an irregular jury, if such was a fact.

We are not convinced that appellant was prejudiced by any argued assignment of error. Hence, the judgment should be and is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.